## Commonwealth *v.* McConnell, Appellant.

Submitted May 22, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John J. Regule,* and *Regule & Regule,* for appellant.

*Robert F. Banks,* First Assistant District Attorney, and *Joseph J. Nelson,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 4, 1972:

On September 16, 1968, Arthur McConnell, while represented by counsel, entered a plea of guilty to an indictment charging him with murder and also pleas of guilty to two indictments charging him with rape.[1] After an evidentiary hearing continuing for six days in connection with the guilty plea to murder, a three-judge court found McConnell guilty of murder in the first degree and imposed a sentence of life imprisonment. On each of the rape convictions, a prison sentence of 10 to 20 years was imposed. Appeals were not entered.

In February 1970, McConnell filed a petition seeking post-conviction relief which the trial court denied after an evidentiary hearing. This appeal is from that order.

---

[1] The factual background of the crimes are set forth in *Commonwealth v. Batley,* 436 Pa. 377, 260 A. 2d 793 (1970), and will not be repeated here. Batley was a co-defendant of the appellant McConnell.

McConnell now claims his guilty pleas were not entered "voluntarily and knowingly" and also that he did not knowingly and intelligently waive his right to a direct appeal. An examination of the record readily discloses these claims are without a semblance of foundation in fact.

Before the guilty pleas were accepted, the trial court painstakingly explained to McConnell the nature of the charges, his right to trial by jury, the impact of pleading guilty and the possible consequences. The court also questioned McConnell extensively as to the voluntariness of the pleas. McConnell's responses to the court's questions establish beyond cavil that he understood what he was doing and that the guilty pleas were McConnell's free and self-chosen act. The record of the plea proceedings further discloses that before accepting the guilty pleas, the court explained to McConnell in clear language that he had the right to appeal from the judgments imposed and in such event an attorney would be provided to prosecute the appeals without charge.

In view of the record the order of the trial court was eminently correct and is hereby affirmed.