368 A.2d 646
**COMMONWEALTH of Pennsylvania**
**v.**
**Arthur McCONNELL et al. (two cases).**
**Appeal of Donald R. HOSACK and**
**Gary Lee Batley.**

Supreme Court of Pennsylvania.

Argued March 12, 1976.

Decided Jan. 28, 1977.

Charles S. Hersh (Court Appointed), Charles F. Gilchrest, Sharon, for appellants.

Robert F. Banks, Asst. Dist. Atty., David B. Douds, Mercer, for appellee.

314

OPINION OF THE COURT

MANDERINO, Justice.

The appellants, Gary Lee Batley and Donald R. Hosack, along with Kenneth Perrine and Arthur McConnell were convicted of murder and sentenced to life imprisonment in September of 1968. Following the imposition of these sentences, the appellants and Perrine and McConnell sought review by this Court either on direct appeal or by Post Conviction Hearing Act (PCHA) petitions. *See Commonwealth v. Batley*, 436 Pa. 377, 260 A. 2d 793 (1970); *Commonwealth v. McConnell*, 449 Pa. 68, 295 A.2d 336 (1972); *Commonwealth v. Perrine*, 445 Pa. 607, 284 A.2d 312 (1971); and *Commonwealth v. Hosack*, 459 Pa. 27, 326 A.2d 352 (1974).

In 1974, Batley, Hosack and McConnell filed identical petitions for Writs of Coram Nobis in the Court of Common Pleas of Mercer County, alleging that their sentences of life imprisonment for first degree murder were unconstitutional and violative of the equal protection clause of the Fourteenth Amendment and the due process clauses of the Fifth and Fourteenth Amendments. Appellants contend that it was not constitutionally permissible for a court to forego the imposition of a minimum sentence, the effect of which was to deny those sentenced to life imprisonment any eligibility for release from prison on parole.

The petitions were heard and relief was denied on all petitions. The cases at bar involve the appeals of only Batley and Hosack.

The trial court properly treated the petitions for Writs of Coram Nobis as petitions under the Post Conviction Hearing Act. *See Commonwealth v. Sheehan,*

446 Pa. 35, 285 A.2d 465 (1971); Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. The petitioners' rights are thus to be determined under the Post Conviction Hearing Act including Section 4(b)(1) and (2) which provide:

"For the purposes of this act, an issue is waived if:

(1) the petitioner *knowingly* and *understandingly failed to raise it* and *it could have been raised before the trial, at the trial, on appeal,* in a habeas corpus proceeding *or any other proceeding* actually conducted, or in a prior proceeding actually initiated under this Act; and

(2) the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." (Emphasis added.)

█ A reading of the record indicates that the petitioners failed to raise the alleged violations of the Equal Protection and Due Process Clauses in any proceedings prior to this petition. In addition, no reasons have been advanced indicating why the issues could not have been previously raised or that extraordinary circumstances have been proven to justify the failure to previously raise the issues.

Appellants are not now raising issues which are premised in "newly announced" appellate decisions rendered subsequent to the date of their prior proceedings. *Commonwealth v. Cheeks,* 429 Pa. 89, 239 A.2d 793 (1968). Appellants' argument is based on Equal Protection and Due Process rights which were announced years before appellants' prior proceedings, and are by no means "novel." The fact that appellants claim may arise in a novel factual situation, even though grounded in accepted principles of constitutional law does not nullify their waiver of their right to now raise the constitutional issues. Appellants do not contend that subsequent to their prior proceedings, a newly announced appellate decision has

been handed down which entitles them to relief. In *Commonwealth v. Simon,* 446 Pa. 215, 285 A.2d 861 (1972) we said:

"The fact that appellant's conflict of interest claim arises from an allegedly novel factual situation does not bring this case under the *Cheeks* rule which precludes a waiver in instances of newly announced principles of law. All of the facts and legal precedents necessary to construct and argue this claim were as available at the time of appellant's direct appeal as they are now. So long as counsel in her prior appeal was constitutionally effective, the fact that her present counsel may perhaps be more imaginative in constructing allegations of trial error is of no moment. To excuse an otherwise effective waiver of a claim on the sole ground that the claim arises from a novel factual setting is contrary to the significant policies of finality clearly embedded in Sections 3 and 4 of the Post-Conviction Hearing Act and the cases cited supra."

Accordingly, the order of the Court of Common Pleas of Mercer County denying the petitions for Writs of Coram Nobis is affirmed.