337 A.2d 258
**COMMONWEALTH of Pennsylvania**
**v.**
**Thomas E. STAUB, Appellant.**

Supreme Court of Pennsylvania.

Argued May 23, 1974.

Decided April 2, 1975.

488

John R. Gailey, Jr., York, for appellant.

Oscar F. Spicer, Gettysburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is one of three appeals [1] alleging sex discrimination. Appellant was charged with a violation of the fornication and bastardy statute, section 506 of the Penal Code, Act of June 24, 1939, P.L. 872, as amended, 18 P.S. § 4506,[2] which provides in pertinent part:

"Whoever commits fornication, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one hundred dollars ($100), for the use of the institution district where the offense was committed.

---

**1.** The other cases argued jointly with the instant appeal are *Henderson v. Henderson*, 458 Pa. 97, 327 A.2d 60 (1974) and *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (filed May 13, 1975).

**2.** This section has since been repealed by the Act of December 6, 1972, P.L. 1482, No. 334, § 5, 18 P.S. § 4506 (Supp.1973–74).

It shall be sufficient to convict an unmarried woman to show that a child was born of her body.

Any man charged by an unmarried woman with being the father of her bastard child, shall be the reputed father and if she persists in the charge in the time of her extremity of labor, or afterwards in open court, the same shall be given in evidence in order to convict such person of fornication. Such man, being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, and if such child is born dead, or shall die during the continuance of the order for the maintenance of said child, to also pay the reasonable funeral expenses thereof, and to give security, by one or more sureties, and in such sum as the court shall direct, to the institution district where such child was born, to perform such order for the maintenance of the said child, as the court shall direct.

After a hearing on the petition of any interested party, such order for the maintenance of such child may be increased or decreased from time to time by said court before or after the expiration of the term at which such man was sentenced. . . ."

After indictment a plea of guilty was entered and sentence was imposed. An appeal to the Superior Court was affirmed and this Court granted allocatur.

■ Although at the time of the imposition of this sentence, Pennsylvania had enacted the Equal Rights Amendment,[3] appellant has confined his objection to the Equal Protection Clause of the United States Constitution, U.S.Const. Amend. 14. For this reason we will only consider the sentence imposed in light of the objection raised.

The Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States for-

3. Pa.Const. Art. I, § 27 P.S.

bids a state "to deny any person within its jurisdiction the equal protection of the laws." At this point the law is not clear as to whether a classification by sex alone per se offends the Equal Protection Clause of the United States Constitution. *Kahn v. Shevin,* 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974). See also, *Commonwealth v. Daniels,* 430 Pa. 642, 649, 243 A.2d 400 (1968) and cases cited therein.

■ The inquiry thus turns to whether or not the classification "rests upon some ground of difference having a fair and substantial relation to the object of the legislation." *Kahn v. Shevin, supra,* 416 U.S. at 355, 94 S.Ct. at 1737; *Reed v. Reed,* 404 U.S. 71, 76, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); *Royster Guano Company v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

■ As we noted in *Commonwealth v. Daniels, supra,* 430 Pa. at 648, 243 A.2d at 403, a state may recognize differences and create classifications where those classifications are based upon reasonable and not arbitrary, capricious or unjustified discriminatory differences.

Relating these general principles to the provisions in question, it is first conceded that a more severe sanction is permitted for a male offender under this section than for the female offender for the same conduct. The statute, by its terms, punishes illicit sexual connection that results in the birth of a child. Although both male and female offenders may be charged under the Act, the sanction to be imposed against the female is limited to the payment of a $100.00 fine. On the other hand the male offender, in addition to being subject to pay a $100.00 fine, is also liable for lying-in expenses, maintenance of the said child during its minority, and funeral expenses if the child dies at birth or during the continuance of an order. The male offender may also be com-

pelled to give security to assure his compliance with the order of the court.

■■ We can find no rational basis to justify this distinction in treatment. It is clear that the primary interest of the State is to secure support for the child born out of wedlock and to prevent it from becoming a public charge.[4] Since both parties are equally culpable and, under our present law, equally responsible for the care and maintenance of the child, *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974), there is no reason to allow criminal sanctions to be imposed against one and not the other. Under prior law, where the man was viewed to have the primary responsibility for the support and maintenance of the child, such a distinction may have been justified. However, we have noted in our recent opinion that:

"[I]nsofar as these decisions suggest a presumption that the father, solely because of his sex and without regard to the actual circumstances of the parties, must accept the principal burden of financial support of minor children, they may no longer be followed. Such a presumption is clearly a vestige of the past and incompatible with the present recognition of equality of the sexes. . . .

In the matter of child support we have always expressed as the primary purpose the best interest and welfare of the child. This purpose is not fostered by indulging in a fiction that the father is necessarily the best provider and that the mother is incapable, because of her sex, of offering a contribution to the fulfillment of this aspect of the parental obligation. . . .

We can best provide for the support of minors by avoiding artificial division of the panoply of parental responsibilities and looking to the capacity of the parties involved. Support, as every other duty encompassed in the role of parenthood, is the equal responsi-

---

4. See *Commonwealth v. Foltz,* 2 Adams L.J. 5, 10 (1960).

bility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability. . . ." *Conway v. Dana, supra* at 539–540, 318 A.2d at 326.

The only other legitimate legislative interest in preventing this conduct, would be that it is offensive to the public morals and decency. If this, in fact, be the end sought to be achieved by the promulgation of this legislation, there is clearly no basis for distinguishing between parties who have participated in the same conduct and are equally culpable.

█ Lastly, we must read section 732 of the Act of June 29, 1939, P.L. 872, § 732, 18 P.S. § 4732, which was then in effect, in pari materia to section 506 to ascertain whether in fact there is a discrimination in the treatment of male and female offenders. See 1 Pa.C.S. § 1932 (Pamphlet, 1973). While section 732 does provide for punishment for both male and female who have willfully neglected or refused to reasonably support a child born out of wedlock, we do not believe that the fact that the woman under this statute could be punished and required to pay maintenance eradicates the inequality established under section 506. First, under the provisions of section 732, it appears that the right of the court to impose an order for maintenance is limited to future support. Thus lying-in expenses and cost of maintenance between birth and the entry of the order could not be recouped. Thus, the man would be liable for lying-in expenses and past support maintenance under section 506 whereas a woman could only be charged for future support after the date of the order.

Even more important, under the provisions of section 732, an individual could be prosecuted even after a conviction had been secured and support ordered under section 506, where the offender failed to comply with the order imposed under that section. Thus, the man was

subject to more extensive punishment for the same conduct whereas the woman could only be ordered to pay support under section 732.

Accordingly, we hold that the classification here is discriminatory and not reasonably related to the interest of the state, see *Commonwealth v. Butler,* 458 Pa. 289, 328 A.2d 851 (1974); *Commonwealth v. Daniels, supra,* and the provision for an additional sentence against the male offender in section 506 is constitutionally impermissible.

Since the remaining sentencing section providing for a 100 dollar fine is severable and is not affected by our declaration of unconstitutionality of the sentencing section for males only, the matter is to be remanded for resentencing under the 100 dollar fine provision. See 1 Pa.C.S. § 1925 (Pamphlet, 1973).

Sentence is vacated and the matter is remanded for resentencing in accordance with this opinion.

JONES, C. J., dissents.