## Commonwealth v. Dearth

504

*Conrad B. Capuzzi, District Attorney,* for Commonwealth.

*Horewitz & Reiss,* for defendant.

ADAMS, *J.,* August 29, 1975—This matter is before the court on a petition of defendant to reconsider the sentence imposed following the entry of a plea of guilty on May 22, 1975, before Judge Adams to the charge of neglect to support a bastard child.

On May 27, 1975, the court sentenced defendant to pay costs of prosecution and to pay the sum of $60 per month for the support of the child.

On June 16, 1975, defendant filed his petition with the court asking that the court reconsider its sentence for the reason that section 4323 of the Criminal Code of December 6, 1972, P L. 1068 (No. 334), sec. 1, 18 P.S. §4323, was unconstitutional in light of the recent Supreme Court decision of Commonwealth v. Staub filed April 2, 1975, and reported at 337 A. 2d 258 (1975).

Section 4323 of the Criminal Code, 18 P.S. §4323, provides as follows:

"(a) Offense defined.—A person is guilty of a misdemeanor of the third degree if he, being a parent, willfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth.

"(b) Limitation of action.—All prosecutions

under this section must be brought within two years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case a prosecution may be brought at any time within two years of any such contribution or acknowledgment by the reputed father.

"(c) Support orders. —Before the trial, with the consent of the defendant indorsed on the bill of indictment, as now provided by law, or at the trial an entry of a plea of guilty, or after conviction, instead of imposing the fine provided by this title, or in addition thereto, the court having regard to the circumstances and to the financial capacity of the defendant may make an order, subject to change from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically, for such time and to such person as the court may direct. The court shall have the power to suspend the sentence provided in this section, and release the defendant from custody on probation, in the manner provided in Section 4322 of this title (relating to support orders), if the defendant has entered into a recognizance, in such sum, with or without surety, as the court shall direct, for compliance with such order.

"(d) Section not cumulative. —Whenever a parent is paying for the support of a child, under an order of court made in any other proceeding, civil, criminal, or quasicriminal, the parent shall not be subject to proceedings for support for the same child under this section, unless he has failed to obey such order of court."

It is the contention of defendant that section (b), limitation of action, violates both the United States

and Pennsylvania Constitutions by reason of the fact that a different time period is provided in which an action may be instituted against a reputed father and, therefore, the statute is void in its entirety. Defendant cites as authority for this proposition the case of Commonwealth v. Staub, supra.

The court rejects this contention. The case of Commonwealth v. Staub dealt with the fornication and bastardy statute, section 506 of The Penal Code of June 24, 1939, P.L. 872, as amended, 18 P.S. §4506, which provided, in pertinent part:

"Whoever commits fornication is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one hundred dollars ($100), for the use of the institution district where the offense was committed.

"It shall be sufficient to convict an unmarried woman to show that a child was born of her body.

"Any man charged by an unmarried woman with being the father of her bastard child, shall be the reputed father and if she persists in the charge in the time of her extremity of labor, or afterwards in open court, the same shall be given in evidence in order to convict such person of fornication. Such man, being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, and if such child is born dead, or shall die during the continuance of the order for the maintenance of said child, to also pay the reasonable funeral expenses thereof, and to give security, by one or more sureties, and in such sum as the court shall direct, to the institution district where such child was born, to perform such order for the maintenance of the said child, as the court shall direct.

"After a hearing on the petition of any interested

party, such order for the maintenance of such child may be increased or decreased from time to time by said Court before or after the expiration of the term at which such man was sentenced . . ."

The court determined that under that statute only a fine of $100 could be imposed for the reason that a reputed father was subject to requirements which were not applicable to the mother and that such imposition was discriminatory.

There is no such distinction in the imposition of fines and responsibilities under section 4323 of the Criminal Code. The only distinction as between a mother and reputed father is the limitation of time in which a prosecution may be brought under this act against the reputed father. This, in the opinion of the court, does not affect the substantive provisions of the remaining portions of the statute even if it would be determined that this portion of the act was unconstitutional. The Crimes Code of Pennsylvania, Act of December 6, 1972, P.L. 1068 (No. 334), sec. 3, 18 Pa.C.S. §§101, et seq., provides:

"If any provision of the Act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provisions or application and to this end, the provisions of this Act are declared to be severable."

The effect of this would be to make applicable the general statute of limitations of two years which is to be applied under the Crimes Code where other periods are not specifically provided for: section 108(b)(2) of the Crimes Code of Pennsylvania, Act of December 6, 1972, P.L. 1068 (No. 334), sec. 1, 18 Pa.C.S. §108(b)(2).

Therefore, it is the finding of this court that the

sentence was properly imposed under a statute which is constitutional.

ORDER

And now, August 29, 1975, the petition to reconsider the sentence imposed is dismissed and the sentence is affirmed.