## Commonwealth v. Bachle

*David Breen, Assistant District Attorney,* for Commonwealth.
*Ronald Klimas,* for defendant.

deFURIA, *J.*, February 23, 1977 — Defendant was charged, under section 4323 of the Crimes Code of December 6, 1972, P.L. 1068, 18 C.P.S.A. §4323, with nonsupport of a bastard child. At the start of the jury trial, defendant moved for dismissal of the charge on the grounds of unconstitutionality. The court refused and dismissed the motion.

After trial, defendant was found guilty. Before us are his post trial motions raising the single issue of the constitutionality of section 4323 of the Crimes Code, supra.

This issue was considered and decided by the court of Fayette County in Comm. v. Dearth, 38 Fayette 38 (1975), which held that section 4323 of the Pennsylvania Crimes Code providing for prosecutions of persons neglecting to support children born out of wedlock is not unconstitutional by reason of discriminatory provisions (against males), the only distinction between mother and reputed father being the limitation of time within which prosecutions may be brought.[1]

This distinction does not affect the substantive portions of the statute even if the time differences were held to be invalid. Section 3 of the Crimes Code provides that the several sections and portions of the code are severable, and that the finding of one portion invalid would not affect the other portions. The net effect of invalidating the time to prosecute provisions would be to decree a uniform two year statute of limitations.

We further note that the act states that a "per-

---

1. Prosecutions must be brought within two years, except where the father voluntarily contributes to the child's support or acknowledges paternity in writing.

son" is guilty if "he" being a "parent" willfully neglects to support a child born out of wedlock.

The Statutory Construction Act of November 25, 1970, P.L. 707 (No. 230), added December 6, 1972, P.L. 1339 (No. 290), sec. 3, 1 P.S. §1902, provides that words used in the masculine gender shall include the feminine and neuter. Comm. v. Staub, 461 Pa. 486, 337 A.2d 258 (1975), has already decided that both the mother and father are liable for the support of dependent children.

Wherefore, we enter the following

## ORDER

And now, February 23, 1977, defendant's motion for new trial and in arrest of judgment are refused and dismissed, and defendant shall present himself for sentence at the Courthouse, Media, Pa., on Friday, March 25 at 10 a.m. in Courtroom No. 8.