392 A.2d 720

**COMMONWEALTH of Pennsylvania**

v.

**William BAGGS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

Lewis J. Bott, Assistant Public Defender, Hazleton, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellant William Baggs was found guilty by a jury of neglecting to support a bastard child. His post trial motions were denied. Appellant has now appealed to this court alleging that the statute making the failure to support a bastard child a crime [1] is unconstitutional because it violates

---

1. The Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 4323(a). This law was repealed, effective June 27, 1978. The Act of July 13, 1953, P.L. 431, No. 95, 62 P.S. § 2043.31, *et seq., as amended by* the Act of April 28, 1978, P.L. ——, No. 46, § 3.

the Equal Rights Amendment to the Pennsylvania Constitution,[2] and the Due Process Clauses of the United States and Pennsylvania Constitutions.[3] Finding no merit to appellant's arguments, we affirm.

Any discussion of the constitutionality of lawfully-enacted legislation must commence with the restatement of the principle of law which creates a "presumption" in favor of constitutionality. "An Act of Assembly will not be declared unconstitutional unless it *clearly, palpably* and *plainly* violates the Constitution." [Citation omitted.] "[T]he burden rests heavily upon the party seeking to upset legislative action on constitutional grounds; all doubt is to be resolved in favor of sustaining the legislation." [Citation omitted.]

*Singer v. Sheppard*, 464 Pa. 387, 393, 346 A.2d 897, 900 (1975).

■ Appellant argues that the use of the pronoun *he* in the statute in issue[4] makes the statute applicable only to a male parent and, therefore, violates Pennsylvania's Equal Rights Amendment. Appellant's argument, however, is inconsistent with both the statutory and case law of this Commonwealth.

First, we note that the rules of statutory construction applicable to the Pennsylvania Consolidated Statutes provide that "Words used in the masculine gender shall include the feminine and neuter." The Act of Nov. 25, 1970, P.L. 707, No. 230, *added by* the Act of Dec. 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S. § 1902 (1978–79). Furthermore, both the statute which preceded 18 Pa.C.S. § 4323(a) and that which

Prosecutions already commenced under 18 Pa.C.S. § 4323(a), however, are not affected by the repeal.

2. Pa.Const. Art. I, § 28.

3. U.S.Const. amend. XIV, § 1; Pa.Const. Art. I, § 9.

4. "(a) A person is guilty of a misdemeanor of the third degree if *he*, being a parent, willfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth. [Emphasis added.]" 18 Pa.C.S. § 4323.

succeeded it are sex neutral. The predecessor statute speaks only of "parent." The Act of June 24, 1939, P.L. 872, § 732, 18 P.S. § 4732, *repealed by* the Act of Dec. 6, 1972, P.L. 1482, No. 334, § 5. The successor statute specifically provides that "The masculine pronoun when used in this act shall be construed to include the female." The Act of July 13, 1953, P.L. 431, No. 95, 62 P.S. § 2043.31 *et seq., as amended by* the Act of April 28, 1978, P.L. 228, No. 46, § 2. Upon consideration of our rule of statutory construction relating to gender implying words and the sex neutral characteristics of the former and present statutes, we can reach no conclusion other than that 18 Pa.C.S. § 4323(a) is also sex neutral. Because the statute is applicable to both mothers and fathers of children born out of wedlock, we do not find it to violate Pennsylvania's Equal Rights Amendment.

Even if we could not reach this conclusion by way of statutory interpretation, an analysis of our case law compels the same result. Appellant argues that the decisions in *Henderson v. Henderson*, 458 Pa. 97, 327 A.2d 60 (1974) and *Wiegand v. Wiegand*, 226 Pa.Super. 278, 310 A.2d 426 (1973) require that we hold the statute unconstitutional. Appellant's citations are inapposite. Both *Henderson* and *Wiegand* dealt with Pennsylvania's statute providing that a *wife*, pending divorce, could receive alimony and counsel fees.[5] That statute, in speaking only in terms of the female spouse, clearly discriminated on the basis of sex and was unconstitutional.

Such is not the case here. The alimony statute was totally unambiguous. In speaking only in terms of a "wife," there was no way to interpret it to include both spouses. The statute before us need not be so stringently interpreted. Not only does the generic term "he" permit its application to parents of both sexes, but also the statute speaks in terms of

---

5. The Act of May 2, 1929, P.L. 1237, § 46, *as amended by* the Act of May 25, 1933, P.L. 1020, § 1, 23 P.S. § 46. This statute was later amended by the Act of June 27, 1974, P.L. 403, No. 139, § 1 to provide for the payment of alimony pendente lite and counsel fees and expenses to spouses of both sexes. 23 P.S. § 46 (1978–79).

"person" and "parent" without distinguishing between the parents on the basis of sex. 18 Pa.C.S. § 4323(a).

Finally, it is well established that "Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father." *Conway v. Dana*, 456 Pa. 536, 540, 318 A.2d 324, 326 (1974). *See also Commonwealth v. Staub*, where the Supreme Court held unconstitutional the State's fornication and bastardy statute [6] which punished the male parent more severely than the female parent of a child born out of wedlock. 461 Pa. 486, 337 A.2d 258 (1975). Again, the objectionable part of the fornication and bastardy statute spoke in definite terms of the "father" of a child and could not be construed to apply to both parents. The Court in *Commonwealth v. Staub* noted, however, that 18 P.S. § 4732, the predecessor to the statute here at issue, provided for the punishment of *both* parents who willfully neglected or refused to support a child born out of wedlock. 461 Pa. at 492, 337 A.2d at 261.

Both our statutory and case law make clear, then, that 18 Pa.C.S. § 4323(a) making it a misdemeanor to willfully neglect or refuse to support a bastard child applies to parents of both sexes and is not unconstitutional as a violation of the Equal Rights Amendment.

Appellant also argues that 18 Pa.C.S. § 4323(a) violates due process of law because it does not place a person on notice that he must contribute to the support of a child born out of wedlock and because it is unconstitutionally vague.

"Fundamental to the concept of due process is the principle that every person who stands accused of a crime is entitled to a fair and impartial trial." *Commonwealth v. Mayhugh*, 233 Pa.Super. 24, 27, 336 A.2d 379, 381 (1975). Among the essential elements of due process are adequate notice, the opportunity to be heard, and a fair and impartial decisionmaker with jurisdiction over the case. *Common-*

6. The Act of June 24, 1939, P.L. 872, § 506, *as amended by* the Act of May 21, 1943, P.L. 306, § 1, *as amended by* the Act of Sept. 28, 1951, P.L. 1543, § 1, 18 P.S. § 4506. This statute was later repealed by the Act of Dec. 6, 1972, P.L. 1482, No. 334, § 5.

*wealth v. Thompson,* 444 Pa. 312, 316, 281 A.2d 856, 858 (1971). Appellant argues that because, in a case such as this, parentage is not determined until trial, one cannot be put on notice before trial of an obligation to support the child; therefore, one cannot be found guilty of willfully neglecting or refusing to support the child. While appellant's assertion may be novel, it is not valid.

Appellant does not deny that he had adequate notice of the charges against him—i. e. failure to support a child born out of wedlock. At his own risk, he chose not to contribute toward the support of the child before trial, apparently hoping that he would be found not to have fathered the child. If appellant's argument were deemed to be valid, every person charged with a crime could claim lack of notice by arguing that he or she was not put on notice that the conduct was unlawful until a conviction was returned. Under this theory, such lack of notice would nullify every criminal conviction and serve to make our criminal justice system an empty shell. Appellant was afforded all of the due process rights associated with a fair trial. The challenged statute is not unconstitutional on the basis of lack of notice.

Finally, appellant would have us hold 18 Pa.C.S. § 4323(a) unconstitutionally vague. Again, his argument is meritless.

In order to comply with the due process clauses of both the Pennsylvania Constitution and the Constitution of the United States, a criminal statute must be sufficiently certain and definite to inform the accused of the acts which the statute is intended to prohibit and which will render him liable to its penalties. "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess [as to] its meaning and differ as to its application [lacks] the first essential of due process of law." [Citations omitted.]

*Chester v. Elam,* 408 Pa. 350, 356, 184 A.2d 257, 260 (1962). *See also Grayned v. City of Rockford,* 408 U.S. 104, 108, 92

S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227 (1972). There is nothing so uncertain or indefinite in 18 Pa.C.S. § 4323(a) which would prevent a person of common intelligence from understanding its meaning or differing as to its application. The statute simply provides that any person who willfully neglects or refuses to support his or her child when that child is born outside the bonds of matrimony is guilty of a misdemeanor. As it is written and as it is applied, the statute is not unconstitutionally vague.

Judgment of sentence is affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.