## Figeroa v. Nazario

*Joseph M. Hill, Jr.,* for plaintiff.
*William E. Schadler,* for defendant.

GATES, *P.J.,* December 10, 1981 — The issue to be resolved is whether Section 4323(b) of the Pennsylvania Crimes Code[1], providing a two year statute of limitations for paternity actions, is constitutional. Stated otherwise, in Fourteenth Amendment parlance, the issue presented is whether the Constitution permits an illegitimacy classification that denies children born out of wedlock the right to sue for paternal child support while imposing no such restriction on legitimate children, similarly situated, and without bearing relationship to an important state interest.

On May 12, 1981, plaintiff filed a complaint for support of her illegitimate child who was born on December 3, 1975. She identifies defendant as the father and avers that she could never locate him

---

1. Repealed by Act of April 28, 1978, P.L. 106, no. 46, §3.

and was never able to attain financial assistance from him for the support of the child.

Defendant filed an answer and, under a heading of new matter, pleads the statute of limitations described in the Crimes Code, supra., in that more than five years have passed since the child's birth.

Thereafter, on October 7, 1981, there being no reply to the new matter, defendant filed a motion for judgment on the pleadings. The matter has been briefed and argued at the last term. The matter is now ripe for disposition.[2]

The United States Supreme Court has not considered "illegitimacy" to be an inherently "suspect classification," and has scrutinized closely laws of the various states which discriminate on the basis of this circumstance of birth. The United States Supreme Court has expressly held that classification based on illegitimacy alone is unconstitutional unless substantially related to a proper governmental purpose.

For example in Levy v. Louisiana, 391 U.S. 68, 20 L.Ed. 2d 436 (1968) the court held that, under the Equal Protection Clause of the Fourteenth Amendment, a state may not create a right of action in favor of children for the wrongful death of a parent and at the same time exclude illegitimates from the benefit of such a right.

In Weber v. Aetna Casualty and Surety Co., 406 U.S. 164, 31 L.Ed 2d 768 (1972) the United States Supreme Court found a Fourteenth Amendment Equal Protection violation and held that illegiti-

---

2. Pursuant to our notice under the provisions of Pa.R.C.P. 235(a) the Attorney General of Pennsylvania notified us by letter dated December 7, 1981 that he will not intervene in the case.

mate children may not be excluded from sharing equally with natural children in the recovery of Workmen's Compensation benefits for the death of their parent.

Most recently, in Gomez v. Perez, 409 U.S. 535, 35 L.Ed. 2d 56 (1973) the court held that once a state posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married its mother. ". . . For a state to do so is 'illogical and unjust.'" Weber v. Aetna Casualty and Surety Co., supra.

The Pennsylvania Supreme Court condemned section 4506 of the Crimes Code (fornication and bastardy) as violating the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States based on sexual discrimination: Com. v. Staub, 461 Pa. 486, 337 A. 2d 258 (1975). More recently the Pennsylvania Superior Court required an admitted father to continue paying support for an illegitimate child until majority, rather than to age 16 as previously ordered in a fornication and bastardy proceeding. In doing so, the court relied on the unconstitutional "invidious discrimination" concept condemned in Gomez v. Perez, supra., Norris v. Beck, _____ Pa. Superior Ct. _____, 422 A. 2d 1363 (1980).

It would seem evident then that if the issue before us were to be decided by the United States Supreme Court, a similar result would be reached. There is no limitation imposed upon natural children, in terms of time, when they may be prohibited from

seeking support from their natural parent.[3] To impose a two year limitation on illegitimate children would constitute Fourteenth Amendment Equal Protection denial.[4]

We are not unmindful of the purposes of statutes of limitations in our law. We recognize that there will be problems with respect to proof of paternity with the passage of time between the child's birth and the time the child seeks to establish paternity and the right to receive support.

Science, in the area of genetic testing, has advanced considerably in recent times. The concern for the prevention of litigation of stale and fraudulent claims disappears in light of the knowledge that blood tests and other genetic tests have advanced to the point where a wrongly accused man has a chance of proving that he is not the father of the child in excess of 99 percent of the test cases.[5]

We do not believe that the potential for false

---

3. In Pennsylvania a parent may be compelled to support a child even after the child reaches the age of majority: Com. ex rel. Schmidt v. Schmidt, 223 Pa. Superior Ct. 26, 296 A. 2d 855 (1972) (duty to support adult child in college); Com. ex rel. Welsh v. Welsh, 222 Pa. Superior Ct. 585, 296 A. 2d 891 (1972) (duty to support "feeble" or otherwise unemployable child); Com. ex rel. Magaziner v. Magaziner, Pa. Superior Ct. 419 A. 2d 149 (1980) (duty to support continues after majority where child requires psychiatric care and is unemployable).

4. We find no merit in the thought that paternity must be established before a duty to support arises. As in the case at bar, if paternity is established an amount of support is determined in the same proceeding. See section 4323(c) of the Crimes Code.

5. We are referring to the red cell antigen test, HLA test and the protein and enzyme analysis. These tests are unaffected by the age of the child at the time the tests are performed.

claims is a sufficient basis to justify a restrictive statute of limitations in paternity suits. While we recognize the potential, we do not believe it is an important state interest, at least of sufficient concern to justify the otherwise unconstitutional discrimination between natural and illegitimate children.

We therefore hold that, inasmuch as Pennsylvania imposes no statute of limitations upon natural children seeking support from their parent or parents, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prohibits Pennsylvania from imposing a two year statute of limitations, such as was in force under the provisions of section 4323(b)[6] of the Pennsylvania Crimes Code at the time this child was born.

## ORDER

And now, December 10, 1981, defendant's motion for judgment on the pleadings is refused and the matter is to be listed for a hearing.

6. 18 P.S. §4323(b).