532 A.2d 1139

COMMONWEALTH of Pennsylvania

v.

Bradley E. HARTZ, Appellant.

Superior Court of Pennsylvania.

Argued May 12, 1986.

Filed Sept. 1, 1987.

Reargument Denied Oct. 16, 1987.

Cirillo, President Judge, concurred and filed an opinion in which Brosky and Johnson, JJ., joined.

268

Heather J. Mattas and Charles M. Nester, Assistant Public Defenders, Pottstown, for appellant.

Stuart B. Suss, West Chester, Assistant District Attorney, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, McEWEN, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

DEL SOLE, Judge:

Appellant appeals the judgment of sentence imposed following his guilty plea to charges of Unlawful Restraint, Recklessly Endangering Another Person, Terroristic Threats and Aggravated Assault. The issues raised on appeal relate to sentencing matters. Appellant first alleges five bases for finding the deadly weapons enhancement provisions of the Sentencing Guidelines, 42 Pa.C.S.A. § 9721, 204 Pa.Code Ch. 303, unconstitutional. In addition, he maintains the sentence imposed was excessive; the sentencing judge failed to state upon the record the reasons for the sentence; and, the sentencing judge failed to consider the circumstances of the crime and the history, character and condition of the Appellant. For the following reasons we find we cannot reach the merits of these claims and, therefore, we affirm the judgment of sentence.

■ Appellant was first sentenced on November 10, 1983. At that time, the court imposed a total sentence of 18 to 36 months incarceration, 7 years probation and a $1,000.00 fine. The court also ordered Appellant to pay the costs of prosecution and to make restitution in the amount of $20.00. On November 17, 1983, Appellant filed a timely Motion to Reconsider and Modify Sentence. The court granted Appellant's motion and on November 22, 1983, it vacated its previous sentence and imposed a sentence modifying the prison term to 16 to 36 months and the probationary period to 5 years. At the close of the second sentencing hearing, Appellant was informed by the court that he had ten days in which to file an application with the court for reconsideration of his sentence. Nevertheless, Appellant failed to file such a petition and, instead, filed an appeal from the November 22nd sentence with this court on December 11, 1983.

This Court has had occasion to consider a similar set of circumstances in *Commonwealth v. Cottman*, 327 Pa.Super. 453, 476 A.2d 40 (1984). Therein, it was noted:

Appellant correctly filed a motion to modify his original sentence, as required by Pa.R.Crim.P. 1410. The princi-

pal purpose of this rule is to provide the sentencing court with the first opportunity to modify its sentence and to correct any errors that may have occurred at sentencing. *Commonwealth v. Burtner*, 307 Pa.Super. 230, 235, 453 A.2d 10, 12 (1982), and cases cited therein. In the absence of such a motion, a defendant may only seek appellate review of the legality of his sentence. *Commonwealth v. DeCaro*, 298 Pa.Super. 32, 444 A.2d 160 (1982). Failure to present claims of abuse of discretion to the sentencing court constitutes waiver. *Commonwealth v. Boyce*, 304 Pa.Super. 27, 450 A.2d 83 (1982); *Commonwealth v. Dumas*, 299 Pa.Super. 335, 445 A.2d 782 (1982).

Although appellant did afford the sentencing court the opportunity to adjust its initial sentence, he failed to provide an opportunity to that court with respect to the amended sentence, which was imposed following the vacation of the initial sentence. The issue raised instantly alleges that error was committed at the second sentencing hearing. Since appellant's initial sentence was vacated and no motion to reconsider appellant's current sentence was filed, this issue is waived.

*Id.*, 327 Pa.Super. at 460–461, 476 A.2d at 44.

For the reasons set forth in *Commonwealth v. Cottman*, we find waived Appellant's claims of error, with the exception of the constitutionality of § 9721.[1] The constitutional questions raised by Appellant are viewed as challenges to the legality of his sentence and are not waived for failure to

1. *Commonwealth v. Broadie*, 339 Pa.Super. 394, 489 A.2d 218 (1985) cited in the dissenting Opinion of Judge Tamilia, holds, as did *Commonwealth v. Cottman, supra.*, that a petition to modify sentence must be filed within ten days of the imposition of a modified sentence in order to preserve sentencing issues. *Broadie*, without citing *Cottman*, went on to provide that this procedure would become effective in 60 days. However, this language in *Broadie* was merely superfluous. The retroactive/prospective analysis in *Broadie* was unnecessary since this court had already ruled in *Cottman* that Rule 1410 required a new motion for reconsideration to be filed when a defendant is resentenced. Since the court in *Cottman* was interpreting an existing rule and not making changes in existing practice, its decision applied to all cases.

be included in a Motion for Reconsideration. *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985).

Although the constitutional questions raised in this appeal are not waived, for other reasons we are unable to consider these claims. Appellant seeks our review of the constitutionality of the deadly weapon enhancement section of the Sentencing Guidelines. The record makes clear, however, that Appellant was not affected by the potential applicability of § 9721.

Appellant's counsel specifically asked the sentencing court whether it added the enhancement provisions when calculating Appellant's sentence. The court responded:

THE COURT: It's considered. The guideline speaks to enhancement.

Frankly, I don't intend specifically attach it to the sentence that I impose. Well, remember what these charges started out being when we were talking about criminal attempt homicide and kidnapping, and thing like that. I think an eighteen-month period of imprisonment is rather modest under the circumstances, although we appreciate those charges are not before us. They are factual contentions out of which this criminality comes, and I think with that in mind, whether or not we had a weapons enhancement, I can't see a minimum period of certainly any less than sixteen months in any turn of events.

So I rather figure it's in there, but don't intend to separately set it forth in any way because I think whether it existed or not, my sentence would be unchanged. (S.T. 11–22–83 at 4).

Where a person is not prejudicially affected by the statute in the case under review, that individual is not entitled to be heard on the question of the statute's alleged unconstitutionality. *Commonwealth v. Samuels*, 354 Pa. Super. 128, 146–147, 511 A.2d 221, 230 (1986). In the instant case, the court, by its comments, reveals Appellant suffered no prejudice by operation of the statute.

Because of the factual circumstances in this case, we decline to reach the issue of the constitutionality of § 9721.[2] In making this determination we are mindful of the "well established proposition that a court is not to rule on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the issue before it". *Commonwealth v. Samuels, supra.*

Judgment of sentence affirmed.

CAVANAUGH, McEWEN and BECK, JJ., join.

CIRILLO, President Judge, concurs in an opinion in which BROSKY and JOHNSON, JJ., join.

KELLY, J., concurs in an opinion.

TAMILIA, J., dissents in an opinion.

CIRILLO, President Judge, concurring:

I concur in the majority's decision not to disturb the judgment of sentence of sixteen to thirty-six months' im-

---

**2.** In the Concurring Opinion by President Judge Cirillo, the issue of the application of *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987) is raised and the opinion would suggest that the appeal as it may be interpreted to be from the discretionary aspects of sentencing, should be quashed. First, the discretionary aspects of sentencing issues are not being reached since they have been waived for failure to file a second motion to modify sentence. However, it must be pointed out that the analysis in Judge Cirillo's opinion is incorrect in its application of *Tuladziecki. Tuladziecki,* by its very nature, is a procedural requirement and the Supreme Court in that opinion stated:

The Appellant [Tuladziecki] properly preserved his challenge to this procedural violation, and for the reasons stated herein the Superior Court's decision to overlook it must be vacated.

An analysis of the *Tuladziecki* case reveals that in this court, the Commonwealth was the appellant and Mr. Tuladziecki the appellee. The appellee had continued to raise an objection to the Commonwealth's procedural violations. It was this objection which the Supreme Court stated this court should not have overlooked. However, in the instant case, the appellee has not raised any procedural objections to the method used by the appellant who raised the discretionary aspects of sentencing question. Therefore, the Commonwealth has waived this procedural violation and should the question of reviewing the discretionary aspects of sentencing been present, we would be able to exercise our discretion and determine whether or not we wish to review same. *See Commonwealth v. Muller,* 364 Pa.Super. 346, 528 A.2d 191 (1987—Concurring Opinion by Del Sole, J).

prisonment imposed on appellant for unlawful restraint and related crimes. However, I write separately to register my disagreement with the dictum in the majority opinion, and the statements in the dissenting opinion, that appellant has preserved his constitutional challenges to the deadly weapon enhancement provision of the Sentencing Guidelines, 204 Pa.Code § 303.4, *reprinted in* 42 Pa.C.S.A. § 9721 note (1982), despite his failure to include them in a motion to modify sentence. I believe that my colleagues' statements that a constitutional challenge to a sentencing provision raises the legality of the sentence and hence can never be waived are erroneous, and in need of correction before they lead to every sentencing issue being couched in constitutional terms to avoid the consequences of waiving the issue in the trial court.

The Pennsylvania Supreme Court has clearly held that constitutional issues, even sentencing issues based on the constitution, are waived if not properly raised in the trial court. *Commonwealth v. Walton*, 483 Pa. 588, 600, 397 A.2d 1179, 1185 (1979) (due process attack on restitution statute waived where not presented to sentencing court); *Commonwealth v. Lee*, 478 Pa. 70, 73 n. 4, 385 A.2d 1317, 1319 n. 4 (1978) (claim that sentencing by judge other than trial judge violated due process had been waived); *Commonwealth v. McConnell*, 470 Pa. 312, 368 A.2d 646 (1977) (due process and equal protection challenges to imposition of life sentences without minimum terms had been waived); *Commonwealth v. Boone*, 467 Pa. 168, 181, 354 A.2d 898, 904 (1975) (due process challenge to imposition of minimum sentence waived where not raised at sentencing); *Commonwealth v. Strand*, 464 Pa. 544, 548, 347 A.2d 675, 677 (1975) (equal protection challenge to sentencing court's failure to impose minimum sentence waived where not raised at sentencing); *Commonwealth v. Piper*, 458 Pa. 307, 309–11, 328 A.2d 845, 847 (1974) (same); *accord Commonwealth v. Thurmond*, 268 Pa.Super. 283, 287, 407 A.2d 1357, 1359 (Hoffman, J.) (Superior Court wouldn't consider constitutional challenge to sentencing court's consideration of defendant's false testifying where only challenge raised below

was that such reliance was improper on facts of case), *allowance of appeal denied,* 268 Pa.Super. 283, 407 A.2d 1357 (Pa.1979); *Commonwealth v. Rutherford,* 252 Pa.Super. 348, 350, 381 A.2d 952, 953 (1977) (claims that sentencing violated due process and right to speedy sentencing waived where not presented to sentencing court); *Commonwealth v. Olsen,* 247 Pa.Super. 513, 523, 372 A.2d 1207, 1212 (1977) (claim that consecutive sentences violated double jeopardy waived where not raised below), *vacated on other grounds,* 487 Pa. 499, 410 A.2d 299 (1980); *Commonwealth v. Henderson,* 234 Pa.Super. 525, 528, 341 A.2d 195, 196–97 (1975) (Hoffman, J.) (equal protection challenge to sentencing statute waived where not raised at sentencing); *Commonwealth v. Jefferson,* 234 Pa.Super. 337, 338 A.2d 657 (same), *allowance of appeal denied,* 234 Pa.Super. xxvii, 338 A.2d 657 (Pa.), *cert. denied,* 423 U.S. 947, 96 S.Ct. 362, 46 L.Ed.2d 281 (1975); *see also Commonwealth v. Henderson,* 482 Pa. 359, 364–65, 393 A.2d 1146, 1148 (1978) (plurality opinion) (double jeopardy attack on sentence raised in petition for allowance of appeal did not preserve due process challenge which petitioner raised in argument); *Commonwealth v. Cherpes,* 360 Pa.Super. 246, 266, 520 A.2d 439, 449 n. 2 (1987) (equal protection attack on mandatory fine-enhancement statute waived where not set out in argument section of brief), *appeal denied,* 515 Pa. 612, 530 A.2d 866 (Pa.1987). The requirement that constitutional sentencing issues be timely raised is merely an extension of the general rule that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In fact, this rule requiring that issues be raised first in the trial court takes on added significance when someone attacks the constitutionality of a statute, because an appellate court should not rule on the constitutionality of a statute unless absolutely necessary to decide the case before it, *Commonwealth v. Cacek,* 358 Pa.Super. 381, 384, 517 A.2d 992, 993 (1986) (Del Sole, J.); *Commonwealth v. Samuels,* 354 Pa.Super. 128, 144–45, 511 A.2d 221, 230 (Hoffman, J.), *allowance of appeal granted,* 513 Pa. 20, 518 A.2d 801 (1986), and where no constitutional

objection has been raised in the trial court the record usually will be inadequate for purposes of making such a weighty determination. "Thus, it is beyond cavil that this court will not *sua sponte* raise constitutional questions which have not been framed by the parties. Nor should we address constitutional issues unnecessarily *or when not properly presented and preserved in the lower court for our appellate review." Commonwealth v. Barone,* 276 Pa.Super. 282, 286, 419 A.2d 457, 460 (1980) (plurality opinion) (en banc) (emphasis added) (citations and footnotes omitted); *accord Commonwealth v. Warren,* 475 Pa. 31, 35, 379 A.2d 561, 562 (1977) (constitutional challenge to robbery statute waived where not raised in trial court); *Commonwealth v. Maute,* 336 Pa.Super. 394, 408, 485 A.2d 1138, 1145–46 (1984) (Hoffman, J.) (equal protection attack on involuntary deviate sexual intercourse statute waived), *allowance of appeal denied,* 336 Pa.Super. 394 (Pa.1985); *Commonwealth v. Byron,* 319 Pa.Super. 1, 4, 465 A.2d 1023, 1024 (1983) (constitutional attack on voluntary intoxication statute waived), *allowance of appeal denied,* 319 Pa.Super. 1 (Pa.1984); *Commonwealth v. Danko,* 281 Pa. Super. 97, 101, 421 A.2d 1165, 1167 (1980) (constitutional attacks on prostitution statute waived); *Commonwealth v. Ashford,* 268 Pa.Super. 225, 231, 407 A.2d 1328, 1330 (1979) (due process challenge to terroristic threats statute waived); *Commonwealth v. Paul,* 177 Pa.Super. 289, 291, 111 A.2d 374, 375 (dictum) (due process challenge to lotteries statute not preserved where not raised in trial court), *allocatur denied,* 177 Pa.Super. xxvi, 111 A.2d 374 (Pa.1955).

The majority relies on an oft-stated exception to the rules requiring issue preservation which holds that claims of illegality of sentence can never be waived. *See, e.g., Commonwealth v. Gillespie,* 512 Pa. 349, 355, 516 A.2d 1180, 1183 (1986) (plurality opinion) (double jeopardy claim); *Commonwealth v. Isabell,* 503 Pa. 2, 9 & n. 6, 467 A.2d 1287, 1290–91 & n. 6 (1983) (dictum) (questioning rule); *Commonwealth v. Norris,* 498 Pa. 308, 319 n. 9, 446 A.2d 246, 251 n. 9 (1982) (duplicitous sentences claim); *Commonwealth v. Lee,* 363 Pa.Super. 405, 526 A.2d 405 (1987)

276

(failure to impose mandatory minimum sentence on recidivist drunk driver); *Commonwealth v. Campbell,* 351 Pa. Super. 56, 59–63, 505 A.2d 262, 263–651 (1986) (en banc) (common law merger doctrine); *Commonwealth v. Ohlinger,* 337 Pa.Super. 437, 440 n. *, 487 A.2d 25, 26 n. * (1985) (imposition of minimum sentence in violation of Youth Offenders Act, 61 P.S. § 485); *Commonwealth v. Britton,* 334 Pa.Super. 203, 221, 482 A.2d 1294, 1304 (1984) (en banc) (sentence exceeding statutory maximum), *appeal dismissed,* 509 Pa. 620, 506 A.2d 895 (1986); *Commonwealth v. Zaengle,* 332 Pa.Super. 137, 145, 480 A.2d 1224, 1228 (1984) (multiple sentences for single unlawful act), *vacated,* 508 Pa. 355, 497 A.2d 1330 (1985); *Commonwealth v. Riley,* 330 Pa.Super. 201, 210, 479 A.2d 509, 514 (1984) (multiple sentences for single conspiracy); *Commonwealth v. Duden,* 326 Pa.Super. 73, 82, 473 A.2d 614, 619 (assertion that statute prohibited total minimum sentence from exceeding half the maximum of the longest of consecutively imposed sentences) *allowance of appeal denied,* 326 Pa.Super. 73 (Pa.1984); *Commonwealth v. Bossche,* 324 Pa.Super. 1, 5, 471 A.2d 93, 95 (1984) (double jeopardy); *Commonwealth v. Staples,* 324 Pa.Super. 296, 302, 471 A.2d 847, 849 (1984) (separate sentences for murder and connected felony); *Commonwealth v. Mathis,* 317 Pa.Super. 362, 372, 464 A.2d 362, 367 (1983) (whether statute authorized restitution); *Commonwealth v. Mathis,* 317 Pa.Super. 226, 229, 463 A.2d 1167, 1169 (1983) (maximum sentence for first-degree misdemeanor imposed where crime rose no higher than second-degree misdemeanor); *Commonwealth v. Fulton,* 315 Pa.Super. 420, 422 n. 4, 462 A.2d 265, 266 n. 4 (1983) (statutory merger of inchoate offenses); *Commonwealth v. Reardon,* 297 Pa.Super. 193, 200, 443 A.2d 792, 795 (1981) (term of probation exceeding maximum sentence allowed by law); *Commonwealth v. Albertson,* 269 Pa.Super. 505, 510 n. 7, 410 A.2d 815, 817 n. 7 (1979) (both minimum and maximum prison terms exceeded statutory limits), *allowance of appeal denied,* 269 Pa.Super. 505, 410 A.2d 815 (Pa.1980); *Commonwealth v. Wilks,* 250 Pa.Super. 182, 190 n. 6, 378 A.2d 887, 890 n. 6 (1977) (statutory merger of burglary and

intended crime); *Commonwealth v. Lane,* 236 Pa.Super. 462, 465 n. 5, 345 A.2d 233, 234 n. 5 (improper sentencing as repeat offender caused sentence to exceed statutory limits), *allocatur denied,* 236 Pa.Super xxvi, 345 A.2d 233 (Pa. 1975). However, these cases establishing that an illegal sentence cannot be waived all share an element missing from this case: each concerned a claim that the sentence was unlawful per se in that the sentencing court lacked constitutional or statutory power or authority to impose it. In that sense, all these cases involved jurisdictional challenges to the sentences, because without constitutional or statutory authority a court has no jurisdiction to impose a given sentence, and since jurisdictional defects are not subject to waiver, an appellate court can and indeed must address them even if the parties fail to raise them. *Commonwealth v. Kozrad,* 346 Pa.Super. 470, 472, 499 A.2d 1096, 1097–98 (1985) ("it is *required* of this court to correct an illegal sentence *sua sponte.*" (emphasis mine)); *accord Commonwealth v. Ruffin,* 317 Pa.Super. 126, 134, 463 A.2d 1117, 1121 (1983); *Commonwealth v. Boerner,* 281 Pa.Super. 505, 513 n. 6, 422 A.2d 583, 587 n. 6 (1980) ("When a court takes action beyond the power conferred on it by law (its jurisdiction), its action is a nullity, and objection to it cannot be waived by the defendant. *Commonwealth v. Hall,* 291 Pa. 341, 354, 140 A. 626, 631 (1928)."), *allowance of appeal denied,* 281 Pa.Super. 505, 422 A.2d 583 (Pa. 1981).

Appellant's constitutional attacks on the deadly weapon enhancement do not call in question the legality of his sentence, because regardless of the validity of these claims the sixteen- to thirty-six-month sentence imposed on him is both constitutional and legal in itself, and, indeed, may be a perfectly valid exercise of the "broad discretion [which the legislature has vested] in the trial court to impose a sentence appropriate to each case which comes before it." *Commonwealth v. Tuladziecki,* 513 Pa. 508, 515, 522 A.2d 17, 20 (1987). The General Assembly has classified unlawful restraint in Pennsylvania as a misdemeanor of the first degree, *see* 18 Pa.C.S. § 2902, and has prescribed a maxi-

278

mum sentence of five years' imprisonment for such crimes. *Id.* § 1104(1). Since the minimum term of a prison sentence may not exceed one half the maximum, *see* 42 Pa.C.S. § 9756(b), the greatest sentence the court could have imposed on appellant was two and a half to five years. The sixteen- to thirty-six-month sentence he received was well within those limits and thus it was a legislatively authorized sentence for the crime; nor was the sentence otherwise illegal or unconstitutional in the sense that it was outside the court's power to impose it. A truly illegal sentence is not one where the trial court simply has abused its discretion, but one that goes beyond any discretionary power granted to the court. Such is not the case with appellant's sentence. Even if we were to uphold each and every one of his constitutional arguments and strike down the deadly weapon enhancement, the sentencing court would not necessarily be prevented from reimposing the same sentence on remand, provided the sentence is otherwise justified on the facts of this case. *Cf. Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986) (double jeopardy did not prohibit resentencing in accordance with trial court's original sentencing scheme where appellate court had upset the scheme by discharging several counts), *cert. denied,* —— U.S. ——, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987). Whether appellant's sentence was indeed a proper exercise of the trial court's discretion in light of the facts and circumstances of this case we need not determine, because, as the majority correctly holds, appellant has waived his claims of abuse of discretion by failing to raise them in a motion to modify sentence.

The proposition that constitutional challenges to a sentencing provision implicate the "legality" of the sentence, and hence cannot be waived, originates in the case of *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63, *allowance of appeal denied,* 342 Pa.Super. 58 (Pa.1985). *Cooke* involved a constitutional challenge to 42 Pa.C.S. § 9712, which prescribes a mandatory minimum sentence of five years' imprisonment for certain felonies committed with a firearm in visible possession. The court addressed

Cooke's constitutional attack on the statute despite the fact that he had not raised it at sentencing or in a motion to modify sentence, stating "the legality of a sentence can never be waived." 342 Pa.Super. at 68 n. 1, 492 A.2d at 68 n. 1. The court offered no rationale for finding that Cooke's constitutional arguments raised the "legality" of the sentence; nor did the *Norris* and *Fulton* cases which it cited support the proposition, since they did not involve constitutional challenges to sentencing statutes. Our court has since followed the *Cooke* holding without comment in *Commonwealth v. Sterling*, 344 Pa.Super. 269, 272 n. 2, 496 A.2d 789, 790 n. 2 (1985) (citing *Cooke* and *Bossche*); *Commonwealth v. Anderson*, 345 Pa.Super. 407, 410 n. 1, 498 A.2d 887, 888 n. 1 (1985) (citing *Cooke*); *Commonwealth v. Irving*, 347 Pa.Super. 349, 356, 500 A.2d 868, 872 (1985) (citing *Norris*); *Commonwealth v. Gonzales*, 350 Pa.Super. 373, 377 n. 5, 504 A.2d 886, 888 n. 5 (1986) (citing *Norris* and *Cooke*); and *Commonwealth v. Eliason*, 353 Pa.Super. 321, 324 n. 3, 509 A.2d 1296, 1298 n. 3 (1986) (citing *Cooke*). However, with all due respect to *Cooke*'s author, my learned and admired colleague Judge J. Sydney Hoffman, I believe that *Cooke* was wrongly decided, and that the court en banc should disavow *Cooke* and its progeny.

Conceivably a constitutional attack on a sentencing statute could implicate the legality of a sentence imposed under it, if, for example, invalidation of the statute would remove the constitutional or statutory jurisdiction of the trial court to impose the sentence it did. *But cf. Commonwealth v. Kuhn*, 327 Pa.Super. 72, 83, 475 A.2d 103, 108 (plurality opinion) (constitutionality of sentence requiring church attendance didn't raise illegality that court could raise sua sponte), *allowance of appeal denied*, 327 Pa.Super. 72 (Pa.1984). However, such was not the case with Cooke's sentencing claims, because even had the court ruled the mandatory sentencing statute unconstitutional, Cooke's five- to ten-year prison term for attempted robbery still would have been a statutorily authorized sentence. *See* 18 Pa.C.S. § 3701(a)(1)(i)–(iii), (b) (relating to first-degree felo-

ny robbery); *id.* § 905(a) (attempt to commit a first-degree felony is a felony of the second degree); *id.* § 1103(2) (maximum sentence for second-degree felony is ten years).

The jurisdictional nature of the sentencing claims found non-waivable in previous cases distinguishes them from the *Cooke* line of cases, and from this case as well. In all of the earlier cases, the sentencing claims, if upheld by the appellate court, would have robbed the sentencing court of its jurisdictional basis for imposing sentence, or at least for imposing a sentence of the same length as the one challenged on appeal.

For example, in *Norris* the supreme court addressed a claim that separate sentences for rape and corrupting a minor arising from the same act violated the defendant's right to be free from double jeopardy. The court found the claim not waived even though not raised in the trial court because it put the "legality" of the sentences in question. 498 Pa. at 319 n. 9, 446 A.2d at 251 n. 9. The authority the court cited for this proposition, *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976), established that multiple sentences for the same crime are "beyond the power of a court imposing sentence," and hence unlawful. 468 Pa. at 330 n. 3, 362 A.2d at 230 n. 3. Justice Manderino, concurring in *Walker*, further explained that "the issue of double jeopardy is similar to an issue of subject matter jurisdiction. It may be raised at any time even initially on appeal. Constitutionally, no court has *jurisdiction* to try or sentence a person twice, in violation of the Federal and Pennsylvania Constitutions." *Id.*, 468 Pa. at 336, 362 A.2d at 233 (Manderino, J., concurring) (emphasis mine).

The reason a court has no jurisdiction to impose more then one sentence for the same offense is that the legislature has authorized only one punishment. "It is the province of the legislature to determine the punishment imposable for criminal conduct," *Commonwealth v. Wright*, 508 Pa. 25, 40, 494 A.2d 354, 361 (1985), *aff'd sub nom. McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); "[i]ndeed, with the abolition of common

law crimes, the judiciary has no power to fix penalties for criminal offenses unless they have been provided for by the legislature." *Commonwealth v. Sutley,* 474 Pa. 256, 287, 378 A.2d 780, 796 (1977) (Roberts, J., dissenting) (citation omitted). The double jeopardy prohibition on multiple punishments for the same offense is therefore merely a rule of statutory construction which seeks to "prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). "The intent of the double-jeopardy provisions is ... *to prevent the court from exceeding its legislative authorization* by imposing multiple punishments for the same offense." *Commonwealth v. Williams,* 514 Pa. 124, 131–132, 522 A.2d 1095, 1099 (1987) (emphasis added) (quoting *Commonwealth v. Bostic,* 500 Pa. 345, 350, 456 A.2d 1320, 1322 (1983)). Thus, the imposition of dual sentences where only one offense has occurred, like the imposition of a sentence without a finding of guilt, *see Commonwealth v. Paige,* 287 Pa.Super. 133, 142 n. 3, 429 A.2d 1135, 1140 n. 3 (1981), "raise[s] a jurisdictional issue, which is simply another name for a question of whether a court has *power* to act under a given set of circumstances. Jurisdictional questions are non-waivable and not only may be raised by the court *sua sponte,* but must be." *Commonwealth v. Boerner,* 281 Pa.Super. at 515–16 n. 11, 422 A.2d at 588 n. 11 (citations omitted) (emphasis added). As the court went on to explain in *Boerner,*

> ordinarily a court should not raise issues *sua sponte*[,] and we do not imply that [*Walker*] stands for the proposition that constitutional issues generally, or even all double jeopardy issues or all sentencing issues, are non-waivable. The mere fact that an issue involves a constitutional right does not mean it should be raised *sua sponte.* Many double jeopardy claims can be waived. Many types of sentencing errors are also waivable. Under [*Walker*], however, appellant's sentence for both theft and retail theft, when the information charging him with these crimes made out but a single act as the basis

for both charges, was an illegal sentence, one which is beyond the power of the court below to impose.

We therefore may and must raise it ourselves, even if it has never been raised either in the lower court or on appeal.

*Id.*, 281 Pa.Superior Ct. at 516 n. 11, 422 A.2d at 588–89 n. 11 (citations omitted); *accord Commonwealth v. Barnhart*, 345 Pa.Super. 10, 33, 497 A.2d 616, 628–29 (1985); *Commonwealth v. Fortune*, 305 Pa.Super. 441, 444, 451 A.2d 729, 731 (1982); *Commonwealth v. Usher*, 246 Pa.Super. 602, 607, 371 A.2d 995, 998, *allocatur refused*, 251 Pa.Super. xxxv (Pa.1977); *cf. Bossche* (court considered claim that increasing sentence on reconsideration violated double jeopardy despite defendant's failure to file motion to modify sentence in trial court).

Similarly, the *Fulton* case dealt with a claim that the defendant had been unlawfully sentenced for multiple inchoate offenses designed to culminate in the commission of the same crime. The Crimes Code, 18 Pa.C.S. § 906, explicitly prohibits such multiple convictions, and the court therefore vacated one of the sentences as "illegal" despite the defendant's failure to object at sentencing. Such duplicitous sentences for multiple inchoate offenses *"are beyond the power and jurisdiction of the sentencing court* and, therefore, can be considered despite our normal rules concerning waiver and *sua sponte* review." *Commonwealth v. Ford*, 315 Pa.Super. 281, 296–97 n. 11, 461 A.2d 1281, 1289 n. 11 (1983) (emphasis added); *accord Commonwealth v. Watts*, 319 Pa.Super. 137, 140, 465 A.2d 1267, 1269, *allowance of appeal denied*, 319 Pa.Super. 137 (Pa.1983); *Commonwealth v. Martinez*, 293 Pa.Super. 260, 262, 438 A.2d 984, 984–85 (1981); *see also Commonwealth v. Bright*, 361 Pa.Super. 261, 522 A.2d 573 (1987).

The common law merger doctrine raises a similar jurisdictional defect in the court's power to impose more than one sentence for a single offense. "[M]ultiple sentences for a single criminal act are unlawful and are *beyond the power* of the trial court," *Commonwealth v. Campbell*, 351 Pa.Su-

per. at 63, 505 A.2d at 265 (emphasis added); the merger doctrine, like the double jeopardy clause, merely provides a rule of statutory construction for determining how many punishments the legislature has authorized the court to impose for a single criminal act. *See Commonwealth v. Williams,* 344 Pa.Super. 108, 126, 496 A.2d 31, 41 (1985) (en banc). If multiple sentences merge, the appellate court should raise the issue sua sponte, *see Commonwealth v. Neidig,* 340 Pa.Super. 217, 224, 489 A.2d 921, 924–25 (1985); *Commonwealth v. Vazquez,* 328 Pa.Super. 86, 91, 476 A.2d 466, 469 (1984), because the sentences are illegal, and, hence, punishments unauthorized by the legislature. *See also Commonwealth v. Hamilton,* 339 Pa.Super. 1, 7–8, 488 A.2d 277, 281 (1985) (court sua sponte raised legality of suspended sentence not authorized by Sentencing Code); *Commonwealth v. Everett,* 277 Pa.Super. 323, 419 A.2d 793 (1980) (court sua sponte raised illegality of alternate sentences proscribed by Sentencing Code); *Commonwealth v. Fral,* 248 Pa.Super. 560, 562–63, 375 A.2d 383, 383–84 (1977) (illegality of restitution not waived where no statute authorized restitution at the time of sentencing and hence it was beyond court's power to impose), *rev'd per curiam on other grounds,* 483 Pa. 602, 397 A.2d 1186 (1979) (holding restitution had been authorized as condition of probation); *Commonwealth v. Olsen,* 247 Pa.Super. at 524, 372 A.2d at 1213 (Spaeth, J., dissenting) ("No court has *jurisdiction* to impose a sentence beyond the statutory maximum for the crime committed." (emphasis mine)); 42 Pa.C.S. § 9712(c) ("There shall be no *authority* in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a)...." (emphasis mine)); 75 Pa.C.S. § 3731(e) ("the sentencing court *shall* order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of...." (emphasis mine)).

Perhaps no case from our supreme court illustrates better than *Commonwealth v. Walton* the distinction between a truly nonwaivable illegal sentence and one that, though lawful, involves an impermissible or unconstitutional consid-

eration. In *Walton* the supreme court found that Walton had not waived a challenge to an order of restitution premised on the trial court's alleged lack of statutory authority to impose restitution, while at the same time holding that Walton had waived a constitutional sentencing argument. The court said, "Since Walton raised no objections in the trial court, his only basis for appellate attack on the order of probation [with a condition of restitution] was the *jurisdictional* ground that it lacked legal authority." 483 Pa. at 596, 397 A.2d at 1183 (emphasis added). The court addressed Walton's contention that the trial court lacked authority to impose restitution as a condition of probation, and rejected the attack, holding that the court had been statutorily empowered to grant restitution. *Id.*, 483 Pa. at 593–600, 397 A.2d at 1182–84. However, after disposing of this non-waivable jurisdictional challenge to the trial court's sentencing authority, the supreme court turned to Walton's separate argument that the restitution order in question was arbitrary, and that the statute, if construed to allow it, was overbroad and violative of due process. The court found this constitutional attack on the sentencing statute waived, saying,

> As noted previously, however, Walton at his sentencing hearing failed to object to the amount of the order or the appropriateness of the procedure used to ascertain it, although he had the opportunity to do so. Thus, in our view, he has waived these issues. The order was within the authority of the statute and cannot in itself be said to render the statute unconstitutional.

*Id.*, 483 Pa. at 600, 397 A.2d at 1185 (citations omitted).

Here, the court had statutory authority for the sentence imposed on Hartz, and none of his constitutional attacks on the deadly weapon enhancement provision of the Sentencing Guidelines would remove that authority or render the sentence itself illegal or unconstitutional.

Were I in agreement with my Brother Tamilia that the deadly weapon enhancement prescribes a *mandatory* twelve- to twenty-four-month addition to every sentence

otherwise suggested by the guidelines, which in some cases might push the sentence beyond the legal limit for the offense, then I would agree that in a case where that happened the sentence itself would be "illegal" and a constitutional challenge to the weapon enhancement would implicate the "legality" of the sentence. However, the guidelines themselves are bound "within the limits prescribed by law," 42 Pa.C.S. § 2154, and this prohibits any guideline sentence from exceeding one half the statutory maximum. *See* 204 Pa.Code § 303.1(i). In fact, the Pennsylvania Commission on Sentencing anticipated exactly the situation envisioned by Judge Tamilia, and cautioned trial judges that where the twelve- to twenty-four-month deadly weapon enhancement caused the guideline sentence to exceed the longest minimum sentence allowed by statute, the statutory limit would control over the guideline sentence as enhanced. *See* Commonwealth of Pa. Comm'n on Sentencing, Sentencing Guidelines Implementation Manual 57 (1982); *see also Commonwealth v. Lowe,* 361 Pa.Super. 343, 348 n. 4, 522 A.2d 614, 617 n. 4 (1987).

The deadly weapon enhancement is "mandatory" only in the sense that the sentencing court must "consider" the guidelines in imposing sentence, 42 Pa.C.S. § 9721(b), and therefore must consider adding twelve to twenty-four months to the guideline sentence for visible possession of a deadly weapon in the commission of the offense. 204 Pa.Code § 303.4. The court, however, can reject the guidelines' recommendation to apply the weapons enhancement just as it can reject any other guideline recommendation in the exercise of its sound discretion. Indeed, the majority in this case finds that the sentencing judge declined to apply the weapon enhancement provision, and this discretionary choice on the part the judge has not led the court to declare the sentence itself "illegal."

Because the Sentencing Guidelines do not prescribe mandatory sentences but merely structure sentencing discretion, they do not affect the legality of a sentence, and issues of compliance with them can be waived just as any other

issues impinging on the discretionary aspects of a sentence can be waived. *See, Commonwealth v. Mease,* 357 Pa.Super. 366, 376, 516 A.2d 24, 29 (1986); *Commonwealth v. Gallagher,* 353 Pa.Super. 426, 453, 510 A.2d 735, 749 (1986) (alternative holding) (Hoffman, J.) (constitutional attack on *failure* to apply guidelines waived). The Sentencing Code's requirement that a sentencing judge consider the guidelines does not render a sentence imposed without such consideration "illegal," even if we would vacate a sentence for failure to consider the guidelines if the issue were properly raised and preserved in the trial court. The Sentencing Code also *requires* that a sentencing court state reasons on the record for its sentence, and we may vacate a sentence where the court fails to comply. *See* 42 Pa.C.S. § 9721(b). It is, in that sense, illegal for the trial court not to give reasons for its sentence, but as long as the sentence itself is legal, the issue may be waived. *See Commonwealth v. Whetstine,* 344 Pa.Super. 246, 256–57, 496 A.2d 777, 782 (1985); *Commonwealth v. Martin,* 328 Pa.Super. 498, 477 A.2d 555 (1984) (en banc); *Commonwealth v. Tolassi,* 303 Pa.Super. 177, 449 A.2d 636, *allowance of appeal denied,* 303 Pa.Super. 177 (Pa.1982). The Pennsylvania Rules of Criminal Procedural *require* the sentencing court in many cases to order a presentence investigation report or place his reasons on the record for dispensing with one. Pa.R.Crim.P. 1403(A). It is in that sense "illegal" for a sentencing judge to fail to order a report or state his reasons for not ordering one, and a defendant can obtain resentencing on this basis if he properly preserves the issue. *See e.g., Commonwealth v. Carter,* 336 Pa.Super. 275, 485 A.2d 802 (1984). However, if the sentence is legislatively authorized, the absence of such a report does not make the sentence itself an "illegal" sentence, and if appellant does not raise the issue both in the sentencing court and on appeal, he waives the issue. *Commonwealth v. Sourbeer,* 492 Pa. 17, 422 A.2d 116 (1980) (plurality opinion); *Commonwealth v. Stockard,* 346 Pa.Super. 263, 499 A.2d 598 (1985) (plurality opinion); *Tolassi.* Similarly, the consideration of an illegal factor in sentencing, or the failure to consider a factor that

should have been considered, does not render the sentence illegal, and may be waived. *See, e.g., Commonwealth v. Preston,* 488 Pa. 311, 319 n. 3, 412 A.2d 524, 528 n. 3 (1980) (alleged denial of allocution and improper consideration of juvenile adjudications apparently waived where not raised at sentencing); *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978) (sentencing under misapprehension about the law waived where not raised below); *Commonwealth v. Shoemaker,* 462 Pa. 342, 341 A.2d 111 (1975) (per curiam) (alleged improper consideration of arrest record waived); *Commonwealth v. Boyce,* 304 Pa.Super. 27, 450 A.2d 83 (1982) (alleged excessiveness of sentence waived); *Commonwealth v. Ellison,* 293 Pa.Super. 329, 439 A.2d 136 (1981) (failure to consider statutory sentencing factors did not make sentence "illegal," defendant waived it by not raising in motion to modify sentence).

Similarly, here appellant argues that constitutional considerations require that the sentencing court not consider the twelve- to twenty-four-month sentence enhancement provided by section 303.4 of the Sentencing Guidelines. Were appellant correct in his arguments, and had he raised them properly below, we would be justified in vacating a sentence that took the deadly weapon enhancement into account. However, again, that would not make the sentence *itself* unlawful or unconstitutional, because the sentence is within the limits established by the General Assembly and is not, per se, an unconstitutional sentence.

As in *Cooke,* the merits of appellant's constitutional attacks on the deadly weapon enhancement do not render his sentence illegal, because the legislature has clearly authorized such a sentence as within the permissible bounds of the sentencing court's discretion for the crime which appellant committed. It is not the *sentence* which appellant argues is illegal, but a particular feature of the sentencing *guidelines* which allegedly offends the constitution. He should not be excused from failing to raise his constitutional arguments in the sentencing court, the same as any other

argument attacking the laws of the Commonwealth on constitutional grounds must first be raised below.

The consequence of the majority's determination that a challenge to the constitutionality of a sentencing statute is never waived is that this court in every case must raise sua sponte whatever constitutional challenges there might be to the statute or guideline under which the defendant was sentenced, or at least we must do so whenever we cannot avoid the issue as the majority does in this case by finding that the alleged unconstitutionality of the sentencing law did not prejudice the defendant. If constitutional challenges are not waived by failure to raise them below, then it necessarily follows that they are not waived even if not raised in our court, *cf. Commonwealth v. McCabe*, 242 Pa.Super. 413, 420, 364 A.2d 338, 342 (1976) (Hoffman, J., dissenting), *aff'd per curiam*, 479 Pa. 273, 388 A.2d 323 (1978), and we should and indeed must raise such issues whether or not the appellant raises them on appeal.

The answer to this unwieldy and impossible result, which I am sure the majority does not intend, is to return to a definition of "illegality" of sentence which predated *Cooke*, in which this court for the first time departed from a long line of cases holding to the contrary and found that a constitutional sentencing issue could not be waived. The principle we should reaffirm is that an argument does not implicate the "legality" of the sentence unless it attacks the *jurisdiction or power* of the sentencing court to impose the sentence at issue. Because appellant's constitutional challenges to the deadly weapons enhancement do not affect the legality of his sentence, I would find these challenges, as well as the claims of excessiveness and inadequate reasons, waived for not being presented in a motion to modify. Further, based on my view that all appellant's issues go to the discretionary aspects of his sentence, I would quash his appeal for failure to properly petition for allowance of appeal from the discretionary aspects of sentence. *See Tuladziecki; Commonwealth v. Hawthorne*, 364 Pa.Super. 125, 527 A.2d 559 (1987) (quashing Commonwealth's appeal

questioning trial court's refusal to apply deadly weapon enhancement); *Commonwealth v. Grove*, 363 Pa.Super. 328, 526 A.2d 369 (1987) (quashing appeal alleging excessiveness); *Commonwealth v. Thomas*, 363 Pa.Super. 348, 526 A.2d 380 (1987) (quashing appeal alleging inadequate reasons for sentence).

BROSKY and JOHNSON, JJ., join.

KELLY, Judge, concurring:

I concur in the result reached by the majority but not its reasoning. I write separately to express my reasoning and to address issues raised by the separate opinions in this case.

## I.

I cannot agree with the majority's conclusion that appellant lacks standing to challenge the constitutionality of the deadly weapon enhancement provision because he was not adversely affected by its application. The trial court was required to consider the guidelines, state its reasons for the sentence imposed, and explain on the record any deviation from the applicable standard minimum range. 42 Pa.C.S.A. § 9721(b); 204 Pa.Code §§ 303.1(a, b & h), 303.3(2); *see Commonwealth v. Stevens*, 349 Pa.Super. 310, 503 A.2d 14 (1986); *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984). Assuming *arguendo* that the provision was unconstitutional, I would find that the consideration of the less favorable enhanced guideline sentence and the failure to consider the more favorable unenhanced guideline sentence constitutes sufficient prejudice to give appellant standing to challenge the provision. I do not find that the prejudice is removed by the simple expedient of declaring that had the guidelines been calculated otherwise, the sentence would still have been the same. *Cf. Commonwealth v. Johnakin*, 348 Pa.Super. 432, 438, 502 A.2d 620, 623 (1985) (despite the sentencing court's anticipatory statement explaining reasons for sentencing outside the guidelines if calculation of guidelines was found to be erroneous, the

panel was not pursuaded that necessity of remand was precluded).  I note that in *Commonwealth v. Dickison*, 334 Pa.Super. 549, 553, 483 A.2d 874, 876 (1984), a panel of this Court held that error in the application of guideline provisions was not rendered harmless by the fact that the same sentence could have been imposed had the guidelines been correctly applied.  Finally, I note that in *Commonwealth v. Samuels*, 354 Pa.Super. 128, 161–62, 511 A.2d 221, 238–39 (1986) (upon which the majority relies) a panel of this Court vacated sentence and remanded for resentencing when it found that the prior misdemeanor conviction enhancement provision was unconstitutional and that application of the provision prejudiced appellant by improperly increasing the guideline ranges from which the court determined the applicable guideline sentence.  I find no material distinction between the prejudice alleged in the instant case and that previously recognized by this Court as being sufficient to give standing to challenge similar guideline provisions.

## II.

Nonetheless, I am persuaded by President Judge Cirillo's exhaustive review of the waiver doctrine that appellant's challenges to the constitutionality of the deadly weapon enhancement provision were waived by appellant's failure to raise and preserve the issues in the trial court.  I, too, would disavow *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985).  I agree that non-jurisdictional challenges to sentence are waivable.  Thus, I would find appellant's constitutional challenges to the deadly weapon enhancement to also have been waived by appellant's failure to file a second motion to modify after the original sentence was vacated and a new sentence was imposed.  *See Commonwealth v. Cottman*, 327 Pa.Super. 453, 476 A.2d 40 (1984).

I cannot agree, however, with President Judge Cirillo's statement that:

The court, however, can reject the guidelines' recommendation to apply the weapons enhancement just as it can

reject any other guideline recommendation in the exercise of its sound discretion.

Concurring Opinion by Cirillo, P.J., *supra*, 367 Pa.Superior Ct. at 273, 532 A.2d at 1141. The sentencing court does not have discretion to disregard the deadly weapon enhancement provision in determining the applicable guideline sentence. *See Commonwealth v. Pokorny*, 360 Pa.Super. 384, 388–89, 520 A.2d 511, 513 (1987); *Commonwealth v. Septak*, 359 Pa.Super. 375, 380–81, 518 A.2d 1284, 1286 (1986); *Commonwealth v. Johnakin, supra; Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 475, 491 A.2d 1352, 1355 (1985). In *Commonwealth v. Johnakin, supra*, a panel of this court explained:

> While we may affirm a sentence that is outside the guidelines provided it is reasonable, 42 Pa.C.S.A. § 9781(c)(3), it is imperative that the sentencing court determine the correct starting point in the guidelines before sentencing outside of them.

502 A.2d at 603. *See also Commonwealth v. Drumgoole, supra*, 491 A.2d at 1355; *Cf. Commonwealth v. Maleno*, 348 Pa.Super. 426, 430–31, 502 A.2d 617 (1985) (prior record scores and offense gravity scores are not themselves modifiable at the discretion of the sentencing court). In determining the applicable guideline sentence, the sentencing court may not elect to disregard any of the provisions of the guidelines. It is only after the guideline sentence has been correctly determined and properly considered that a sentencing court may elect to deviate from the guidelines based upon reasonable grounds set forth on the records.

### III.

Finally, I feel compelled to address one issue raised in Judge Tamilia's dissenting opinion. The deadly weapon enhancement provision in effect at the date of sentencing in the instant case provided in pertinent part:

> When the court determines that the defendant or an accomplice possessed a deadly weapon, as defined in 18 Pa.C.S.A. § 2301 (relating to definitions), during the com-

mission of the current conviction offense; *at least 12 months and up to 24 months shall be added to the guideline sentence which would otherwise have been imposed.*

204 Pa.Code § 303.4(a). (Emphasis added). Seizing upon the emphasized portion of the statute above, the dissent reasons:

> However, *herein lies the crucial distinction between the provision in Wright and the provision before us;* the mandatory sentence provision requires a *minimum sentence* within the term of imprisonment set by legislation, whereas the Guidelines Weapon Enhancement section *adds* to the guideline sentence and therefore may *exceed* the term of imprisonment mandated by the legislature. *Taylor, supra.* The fact that the guidelines, in some instances, go beyond the statutory maximum, and section 303.1(i) provides the sentence imposed should not exceed the maximum time permitted by statute in those cases, offers no relief. As indicated below, the enhancement is added to the sentence, which would have been imposed and, in many cases, *will result* in a sentence beyond the statutory maximum, even if the *range* is limited to the statutory period. The severity of consequences which could ensue from a weapons enhancement is precisely what constitutionally requires proof beyond a reasonable doubt and presents an issue of due process.

Dissenting Opinion, *infra,* 367 Pa.Superior Ct. at 307, 532 A.2d at 1159. (Emphasis supplied).

If I were to agree that application of the deadly weapon enhancement provision could result in a guideline sentence which exceeds the statutory limit, I would not hesitate to join the dissent in declaring the deadly weapon enhancement provision unconstitutional. The Sentencing Commission's enabling act clearly required the Commission to "adopt guidelines within the limits established by law." 42 Pa.C.S.A. § 2154; *Commonwealth v. Washington,* 357 Pa. Super. 548, 563, 516 A.2d 397, 405 (1986) (Kelly, J., dissenting). However, I find that the dissent errs in two material

respects, and that application of the deadly weapon enhancement provision *cannot* result in a guideline sentence in excess of the statutory limit.

First, the dissent errs in stating that the deadly weapon enhancement provision "adds to the guideline sentence." (*See* above). To the contrary, 204 Pa.Code § 303.2 provides:

The procedure for determining the *guideline sentence* shall be as follows:

1) Determine the prior record and offense gravity scores....

2) Refer to the Sentence Range Chart....

3) Determine if aggravating or mitigating circumstances apply....

4) Select a sentence from the Sentence Range Chart....

5) Determine if a deadly weapon was used in the offense and *apply the provisions of § 303.4* (relating to deadly weapon enhancement).

(Emphasis added). Thus, while the deadly weapon enhancement provision does add to the guideline sentence *"which would otherwise have been imposed,"* it does not add to the final guideline sentence as determined pursuant to 204 Pa.Code § 303.2.[1] Rather, the application of the enhancement provision is a required step in the determination of the guideline sentence. 204 Pa.Code § 303.2(5). Thus, the twelve (12) to twenty-four (24) month enhancement of the *sentence* selected in step four of the guideline sentence determination process is a component of, rather than an addition to, the guideline sentence.[2]

---

**1.** Under 204 Pa.Code § 303.2, and 204 Pa.Code § 303.4 as they existed at the time of sentencing in the instant case, if the deadly weapon enhancement provision did not apply, then the guideline sentence was the sentence selected in step four of the guideline sentence determining process. If the provision applied, the enhancement was added directly to the sentence selected in step four; thus, the enhancement was "added to the guideline sentence which would otherwise have been imposed." 204 Pa.Code § 303.4.

**2.** As the dissent notes, the deadly weapon enhancement provision was amended to provide that, "... at least 12 months and up to 24 months of confinement shall be added to the guideline sentence range which would otherwise have been applicable." *See* 204 Pa.Code § 303.4(a)

Second, the dissent erroneously contends that while the guidelines may limit the guideline *ranges* to the statutory limits, the guidelines do not prevent the guideline *sentence* from exceeding the statutory limit when the deadly weapon enhancement is added to the guideline ranges. However, 204 Pa.Code § 303.1(i) provides:

> *When the guideline sentence exceeds that permitted* by 18 Pa.C.S. §§ 1103 and 1104 (relating to sentence of imprisonment for felony and misdemeanors) and 42 Pa. C.S. §§ 9755(b) and 9756(b) (relating to sentence of partial or total confinement) or other applicable statute setting maximum term of confinement, *then the statutory limit is the guideline sentence.*

(Emphasis added). This section applies to limit the guideline *sentence*, not merely the guideline *ranges*.

In order to reach the result obtained by the dissent (*see* Dissenting Opinion, *infra*, 367 Pa.Superior Ct. at 309 & n. 15, 532 A.2d at 1153 & n. 15, the sentencing court would have to apply the provisions of 204 Pa.Code § 303.1(i) after the fourth step in the guideline sentence determination process (selection of a sentence from the Sentencing Range Chart, 204 Pa.Code § 303.2(4)), but before the fifth step (application of the deadly weapon enhancement provision, 204 Pa.Code § 303.2(5)). Such a construction of the guideline provisions fails to construe the provisions in *pari materia* and construe the provisions so as to give full effect to each (1 Pa.C.S.A. § 1932), violates the presumption against constructions which yield absurd, impossible or unreasonable results (1 Pa.C.S.A. § 1922(1)), violates the presumption against constructions which violate the state or federal constitution (1 Pa.C.S.A. §. 1922(3)), fails to construe the words of the statute in accordance with their plain meaning (1 Pa.C.S.A. §§ 1903, 1921(b)), and fails to effectu-

(Amended, effective January 2, 1986). The effect of the amendment to 204 Pa.Code § 303.4 is to reverse the order of the guideline sentence determining process in 204 Pa.Code § 303.2. When the provision applies, the enhancement is added to the range selected in step three and then a guideline sentence is selected. It does not affect the fact that the deadly weapon enhancement provision is a component of, and not an addition to, the guideline sentence.

ate the intent of the legislature (1 Pa.C.S.A. § 1901). Consequently, such a construction must be rejected.

Instead, I find that the plain meaning, intent, and effect of 204 Pa.Code § 303.1(i) is to automatically reduce any guideline sentence determined pursuant to 204 Pa.Code § 303.2 to the statutory limit when the guideline sentence would otherwise have exceeded the statutory limit. *See* Pa.C.Sent.2d at 43 (September 1, 1986). Thus, 204 Pa.Code § 303.1(i) provides an absolute limitation upon guideline sentences which ensures compliance with the legislative mandate and the constitutional imperative that the guidelines be "within the limits established by law." 42 Pa.C. S.A. § 2154. Consequently, I reject the conclusion reached by the dissent.

TAMILIA, Judge, dissenting:

I agree with the majority that the proper procedure in this case, pursuant to *Commonwealth v. Cottman*, 327 Pa.Super. 453, 476 A.2d 40 (1984), requires that following resentencing, after vacation of an earlier sentence, a petition to modify be filed within ten days of the second sentence. I would only note that in a subsequent Opinion dealing with the same issue, *Commonwealth v. Broadie*, 339 Pa.Super. 394, 489 A.2d 218 (1985), our Court treated the matter de novo and held:

A modified sentence constitutes a new sentence from the date of which the time for filing a notice of appeal will begin to run anew. See Pa.R.Crim.P. 1410 (comment). The same reasons that supported the filing of a modification motion in regard to the original sentence support the filing of such a motion for the new sentence. If the party who filed the original motion is still dissatisfied with the sentence, a second motion gives the sentencing court the first opportunity to modify the new sentence. Similarly, the trial court will have that opportunity if, as is the case instantly, the party who did not file the original motion is dissatisfied with the new sentence. In both cases, the additional motion will give the

appellate court the benefit of the sentencing court's views of the party's claims of error as to the new sentence. Such an additional motion will be particularly beneficial where, as is also the case instantly, the defendant wishes to challenge some aspect of the modification hearing or the sentencing court's reasons for the new sentence rather than simply the length of the sentence. Thus, we concluded that Pa.R.Crim.P. 1410 requires that a motion to modify sentence be filed with the sentencing court within ten days after imposition of a modified sentence in order to preserve any sentencing issues. However, since Rule 1410 does not expressly require this procedure, we believe that it would be unfair and would generate unnecessary post-conviction litigation to enforce this requirement retrospectively. *Cf. Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983) (applying prospectively only requirements of specificity under Pa.R. Crim.P. 1123). Therefore, we hold that effective 60 days from today the procedure set forth above must be followed in order to preserve sentencing issues under Rule 1410.

Since this case was appealed before either *Cottman* (1984) or *Broadie* (1985), and *Broadie* permitted a direct appeal without a second motion for reconsideration, holding that the requirement for filing a second motion would apply only prospectively, and only after sixty days from the filing of *Broadie,* this case comes within the *Broadie* exception and the appeal should not be quashed.

Even if this Court should hold that a waiver existed for failure to file a second motion for reconsideration, the appeal is properly before us and must be heard on the merits because of the issue of the legality of the sentence, which can never be waived. *Commonwealth v. Norris,* 498 Pa. 308, 319 n. 94, 446 A.2d 246, 251 n. 9 (1982); *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985). The majority would hold that the issue of the legality of sentence is not before us because the trial court, in somewhat ambiguous language, made it unclear, initially, that the

enhancement factor was to be considered. My view is otherwise.

It is absolutely beyond question that the trial court did consider and *include* the weapons enhancement factor in sentencing. To conclude otherwise is to permit the trial court, by a play on words, to provide enhancement of the sentence and, at the same time, avoid the legality issue. In a similar fashion, the majority would avoid dealing with the legality of the weapons enhancement section of the sentencing guidelines when that issue was squarely placed before the Court en banc for resolution. The majority would rely on *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986), in holding that we should not be heard on the constitutionality of a statute unless it is absolutely necessary to decide the issue. I believe it is necessary to decide the issue of constitutionality because it is squarely raised in this case, the Court en banc directed counsel to frame and argue the issue and it is a question that has cried out for resolution since *Commonwealth v. Taylor*, 346 Pa.Super. 599, 500 A.2d 110 (1985) (en banc); numerous lower court cases and appeals require guidance in their determination of the issue. *Commonwealth v. McKeithan*, 350 Pa.Super. 160, 504 A.2d 294 (1986), which declined to follow *Taylor*, does not prevent the Court en banc from determining otherwise, particularly when considerations and case law, not considered there, are reviewed here. Accordingly, I would address the merits of the case beginning with appellant's first allegation of error in its multifaceted form.

This is an appeal from judgment of sentence entered on November 10, 1983 by the Court of Common Pleas of Chester County as modified on November 22, 1983. Appellant entered a plea of nolo contendere to two counts each of unlawful restraint,[1] reckless endangerment,[2] terroristic threats,[3] and aggravated assault.[4] The crimes were committed with a firearm.

1. 18 Pa.C.S.A. § 2902.
2. 18 Pa.C.S.A. § 2705.
3. 18 Pa.C.S.A. § 2706.
4. 18 Pa.C.S.A. § 2702.

The facts as accepted by the trial court indicate that on January 29, 1983, the two victims offered the appellant assistance as he was experiencing car trouble along a roadside. Appellant turned on the victims with a gun and fired twice in their direction, narrowly missing them. Then, at gunpoint, the victims were forced to drive the appellant to Delaware. The victims eventually escaped.

On November 10, 1983, appellant was sentenced to pay costs of prosecution, restitution of $20, a fine of $1,000 and to serve not less than eighteen nor more than thirty six months imprisonment and two consecutive sentences of two years probation. On November 17, 1983, the appellant filed a motion to modify sentence. On November 22, 1983, the court vacated the previously imposed sentence and appellant's minimum sentence was reduced from eighteen to sixteen months with the two sentences of two years probation permitted to run concurrent with each other, but consecutive with imprisonment. Without filing a new motion for reconsideration of sentence, appellant filed this timely appeal from the modified sentence.

Appellant's Statement of Questions Presented raises the following issues for our review:

I.  IS THE DEADLY WEAPONS ENHANCEMENT PROVISION § 303.4—TITLE 204 CHAPTER 303. SENTENCING GUIDELINES UNCONSTITUTIONAL AS A VIOLATION OF PENNSYLVANIA CONSTITUTION, ARTICLE V, VESTING THE JUDICIAL POWER IN THE COURTS OF THE COMMONWEALTH?

A.  Does the Deadly Weapons Enhancement violate the Pennsylvania Constitution, Article V, by usurping the sentencing power of the Courts?

B.  Does the Deadly Weapons Enhancement violate the Pennsylvania Constitution, Article V, § 10(c)?

C.  Does the lack of Weapons Enhancement Notice in information violate due process of law and deprive the court of Jurisdiction?

D.  Does the failure to indicate the burden of proof to be utilized at sentencing violate due process of law?

E. Does the failure to adequately and specifically define Deadly Weapon violate due process of law?

(Appellant's brief at 8–9).[5]

Other issues raised by appellant need not be considered here in light of the manner in which I would resolve the above issues. We need not consider here what effect *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) has on such a case as the basis for our decision would not require us to reach the issue as to the discretionary aspect of an enhancement sentence.

As to the first issue, the Commonwealth claims appellant's failure to specifically raise the constitutional arguments in the trial court constitutes a waiver. I disagree. Although appellant did not raise his constitutional challenges at sentencing or in his motion to modify sentence, his arguments constitute an attack on the legality of the sentence which can never be waived. *Norris, supra; Cooke, supra.*

Accordingly, the merits of appellant's first allegations of error will now be considered. As a necessary precursor to determining the constitutionality of the Deadly Weapon Enhancement Provision, we must contend with appellee's argument that the constitutionality of the provision is not properly before the court at this time because the trial court did not consider or apply the enhancement provision at sentencing. During the hearing to modify the sentence on November 22, 1983, appellant's counsel requested the court to state its position with regard to whether the enhancement provision was included in the sentence. The court complied, stating:

THE COURT: It's considered. The guideline speaks to enhancement.

Frankly, I don't intend to specifically attach it to the sentence that I impose. Well, remember what these

5. We direct appellant's attention to Rule 2116 of the Rules of Appellate Procedure which mandates that the statement of questions involved must never exceed one page.

charges started out being when we were talking about criminal attempt homicide and kidnapping, and things like that. I think an eighteen-month period of imprisonment is rather modest under the circumstances, although we appreciate those charges are not before us. They are the factual contentions out of which this criminality comes, and I think with that in mind, whether or not we had a weapons enhancement, I can't see a minimum period of certainly any less than sixteen months in any turn of events.

*So I rather figure it's in there, but don't intend to separately set it forth in any way because I think whether it existed or not, my sentence would be unchanged.* (emphasis added)

(S.T. 11/22/83, p. 4).

Earlier the court, in originally imposing sentence, had stated:

THE COURT: That's right. All right. The aggravated assault charges which I'm reminded are misdemeanor 1's, we there impose five years probation on both the 13th and the 14th Counts, both of which shall run concurrent with the sentences I have previously imposed, those five year probationary terms. *I have and I state for the record included within the sentence I impose, the firearm enhancement and have done that within the context of the sentence imposed on Count No.'s 5 and 6 that address the unlawful restraint which we've imposed sentence on.* (emphasis added)

(S.T. 11/10/83, p. 23, 24).

This latter excerpt from the hearing testimony was ignored by the majority, which relies on the resentencing hearing of November 22, 1983, to find that the court *did not* consider the deadly weapons enhancement in forming the sentence. I believe that while the grant of a modification hearing nullified the earlier sentence, reference may be had to the prior proceeding to determine whether there has in fact been any change in thinking or implementation of sentence. By this comparison, it becomes clearly evident

that as to the weapons enhancement factor, there was no change in thinking, and with but slight change in wording, the court did precisely the same thing with the same consideration as in the previous hearing. At the November 22 hearing, the court considered the appellant's arguments and eliminated two years probation and, because of *employment considerations,* reduced the minimum jail sentence from 18 months to 16 months. *Only after the sentence was fixed was there further discussion concerning the application of the weapons enhancement.* In stating on November 22, 1983, *"So I rather figure it's in there but don't intend to separately set it forth* in any way because I think whether it existed or not, any sentence would be unchanged," there is no conceivable difference from the court's statement of November 10, 1983, "I state for the record *included within the sentence I impose, the firearm enhancement* and have done that within the context of the sentence imposed on Counts No.'s 5 and 6 that address the unlawful restraint which we have imposed sentence on." This fully explains the term of imprisonment imposed by the trial court of 16 to 36 months. As a matter of fact, the guidelines permit no discretion in the trial court to determine whether or not consideration should be given to the fact that a deadly weapon was used in calculating the guideline sentence ranges. In *Commonwealth v. Johnakin,* 348 Pa.Super. 432, 436–437, 502 A.2d 620, 622 (1985), the court stated:

> In the case before us, the trial court found that appellee had stabbed her victim, that in doing this she caused serious bodily injury, and that she might easily have killed her victim. N.T. 7/13/84 at 13. The conclusion is inescapable that appellee possessed an instrumentality that she used in a manner calculated or likely to produce death or serious bodily injury. Accordingly, the trial court was required to apply the deadly weapon enhancement provision of the guidelines. *Commonwealth v. Drumgoole, supra* 341 Pa.Super. [468] at 468, 491 A.2d [1352] at 1352 [1985].

We cannot, in the face of the law and the judge's own statement, declare that he did not apply the Deadly Weapons Enhancement. Application of the weapons enhancement to counts 5 and 6 points to a further illegality in that the guidelines provide for only one weapons enhancement in a single transaction, and the trial court indicated he applied it to two counts of that transaction. The comments to Part VI, Deadly Weapon Enhancement, of the Sentencing Guidelines (1st Edition) provide: "**Special Situations., Multiple Convictions.** Where there are multiple convictions for crimes arising from the same transaction the Deadly Weapon Enhancement is added for only one crime in which the defendant or an accomplice possessed a deadly weapon." [6]

I conclude, therefore, the lower court included the Weapon Enhancement Provision in the sentence, by inference as well as directly, and thus the provision is properly before us for review.

Appellant's first constitutional challenge is that the mandatory nature of the deadly weapon enhancement violates article V, § 1 and § 10(c) of the Pennsylvania Constitution by permitting legislative infringement on the inherent powers of judges to exercise discretion in sentencing.[7] This issue was addressed in *Taylor, supra,* where this Court stated,

This issue has long been laid to rest in the Commonwealth. The legislature has the right to classify crimes,

6. The Sentencing Guidelines Implementation Manual, Second Edition (September 1, 1986) has added similar language to the Code section itself. *See* section 303.4(c).

7. § 1, Unified Judicial System.
   The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the city of Philadelphia, such other courts as may be provided by law and justices of peace. All courts and justices of peace and their jurisdiction shall be in this unified judicial system.
   § 10(c)
   The Supreme Court shall have the power to prescribe general rules, governing practice, procedure and the conduct of all courts, justices of peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of peace,....

to designate the maximum, and likewise can, if it sees fit, name the minimum. *Commonwealth v. Wright, et al.,* 508 Pa. 25, 494 A.2d 354 (1985). The necessity or wisdom of so doing is a question for its determination. The power of determining the extent of punishment to be inflicted was not, and is not now, the subject of constitutional limitation, and the legislature could fix the length of imprisonment upon conviction of a particular offense, making, if it saw fit, the term rigid and invariable, or allowing room for use of good judgment by the judge, made acquainted by the trial with the attending circumstances. *Commonwealth v. Sweeney,* 281 Pa. 550, 127 A. 226 (1924); *Commonwealth v. Glover,* 397 Pa. 543, 156 A.2d 114 (1959)....

*Id.* 346 Pa.Super. at 605, 500 A.2d at 113. Accordingly, appellant's argument is without merit.[8]

Appellant also argues that because the Commonwealth did not provide notice in the information that it was seeking application of a deadly weapon enhancement at sentencing there has been a violation of due process of law. This argument has no merit. Appellant entered a plea of nolo contendere to all counts which included counts 13 and 14 (aggravated assault). Specifically, both were counts of aggravated assault with a deadly weapon. Thus, counts 13 and 14 included, as specific elements of the crime, an allegation of use of a deadly weapon.[9] We recognize that the weapons enhancement provision provides for exceptions to its application for those crimes which have as an inherent element to the charge, the use of a weapon, including 18 Pa.C.S.A. § 2702(a)(4), aggravated assault, as stated above.[10] However, we believe the information filed by the Commonwealth must be read in its totality taking into consideration the interrelated nature of the crimes charged.

8. For the constitutional validity of the Sentencing Guidelines from their inception as to whether their enactment met the constitutional test of presentment, *see Commonwealth v. Kuphal,* 347 Pa.Super. 572, 500 A.2d 1205 (1985).

9. 18 Pa.C.S.A., § 2702(a)(4).

10. 42 Pa.C.S.A. § 9721; Sentencing Guidelines, § 303.4(b).

All arose out of the same incident and were to be tried together thereby placing the appellant on notice to prepare a defense with respect to the deadly weapon implicated in the crimes. See Commonwealth v. Bell, 512 Pa. 334, 516 A.2d 1172 (1986) (visible possession of firearm, under Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712(b), does not require possession of a firearm as an element of the crime and requires notice of application of the section only at sentencing when it becomes a factor). We conclude this was adequate to give appellant notice of a possible weapons enhancement at sentencing. The record here does not disclose whether such notice was given before the plea, although there was abundant discussion concerning enhancement during the sentencing procedure. Because the informations contained averments of use of a dangerous weapon, the instant case can be distinguished from the situation in Taylor, supra, where the Commonwealth attempted to go beyond the allegations in the information and proceeded to offer proof of the use of a deadly weapon for the first time at sentencing.

Appellant further alleges the Weapons Enhancement Provision, in failing to indicate the burden of proof to be utilized at sentencing, is an unconstitutional violation of due process. The issue of quantum of proof and the timing of its presentation is of crucial importance in this matter. Contrary to the procedure established for mandatory sentencing, 42 Pa.C.S.A. § 9712(b), § 9713(c), § 9714(c), and § 9715(b),[11] no mention is made of whether or not possession of a weapon should be required to be proven at trial beyond a reasonable doubt as an additional element of the crime charged, or at least to be established during the

11. § 9712  Sentences for offenses committed with firearms.
   (b) Proof at sentencing.
   § 9713  Sentences for offenses committed on public transportation.
   (c) Proof at sentencing.
   § 9714  Sentence for second and subsequent offenses.
   (c) Proof at sentencing.
   § 9715  Life imprisonment for homicide.
   (b) Proof at sentencing.

sentencing proceeding by a recognizable standard of proof, whether it be preponderance of the evidence (as in the mandatory sentencing sections, *supra*) or beyond a reasonable doubt.

The sections immediately above require proof of *visible possession of a firearm* during the prohibited behavior, which more precisely delineates the term, possession, and renders it easily capable of proof. (See discussion below on possession of weapon.) The question remains whether proof should be established at trial or at sentencing and what standard applies. To determine these issues requires ascertaining whether the enhancement factors can constitute crimes in and of themselves. "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction either, or a combination of ... punishments; (enumerated). ..." *Black's Law Dictionary*, 334 (5th ed., 1979); *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968). 22 C.J.S. *Criminal Law*, § 1, p. 2; § 4, p. 11 (5th reprint 1983). *See Commonwealth v. Smith*, 266 Pa. 511, 516, 109 A. 786 (1920); *Commonwealth v. Shimpeno*, 160 Pa.Super. 104, 114, 50 A.2d 39 (1946). If it is a crime or element of a crime, it must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970); *Commonwealth v. Stoffan*, 228 Pa.Super. 127, 323 A.2d 318 (1974).[12]

The reasonable doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The requirement of proof beyond a reasonable doubt has this vital role in our criminal procedure for

12. *Commonwealth v. Stoffan, citing: In re Winship.* "The Due Process Clause [of the United States Constitution] protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *See also Stoffan, supra*, 228 Pa.Superior Ct. at 140–41 n. 10, 323 A.2d at 323 n. 10; Pa. Const. art. I, § 9.

cogent reasons. The accused, during a criminal prosecution, has at stake interests of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by his conviction. *In re Winship, supra.*

The *Winship* Court went on to hold, "that, where a 12 year old child is charged with an act of stealing which renders him liable to confinement for as long as six years, then, as a matter of due process (even though it was characterized as a civil matter) ... the case against him must be proved beyond a reasonable doubt." *In re Winship, supra,* 397 U.S. at 368, 90 S.Ct. at 1075, 25 L.Ed.2d at 378 (Citation omitted).

Here, it is conceivable that a defendant could be convicted on the charges before the court by proof beyond a reasonable doubt, sentenced to probation on that proof, but then receive a sentence *to prison* only because the weapon enhancement section required it with no requirement of proof that would comply with due process. Thus, the "matters of extreme importance" detailed in *Winship* above, requiring proof beyond a reasonable doubt, may under the sentencing guidelines, be disposed of summarily, with no consideration of the standard of proof. This does not comport with our standard of justice. Even when a charge is not designated a crime, if the consequences result in treatment as a crime, procedural due process requires that it be proven as would a crime.

This result conforms with the Supreme Court of Pennsylvania's decision in *Commonwealth v. Wright, et al.,* 508 Pa. 25, 494 A.2d 354 (1985). The Court considered whether the mandatory minimum sentence provisions, 42 Pa.C.S.A. § 9712–9718 (Act. No. 54 of 1982) violated due process by providing for a *minimum standard of proof.* Finding the preponderance of the evidence standard satisfied the minimum requirements of due process as employed in the legislatures mandatory sentencing scheme, the Court stated:

The effect of section 9712 is merely to limit the discretion of the sentencing court in the selection of a minimum sentence where it is determined that the defendant visibly possessed a firearm during the commission of the crime. The maximum permissible term of imprisonment remains unaffected. The defendant has no cognizable right to leniency. Thus although a finding that this particular sentencing factor is present may have serious consequences for the defendant, we do not believe that a defendant subject to a section 9712 proceeding is in a position significantly distinguishable from that of other convicted defendants during the sentencing phase.

*Wright, supra,* 508 Pa. at 40–41, 494 A.2d at 362.

However, *herein lies the crucial distinction between the provision in Wright and the provision before us;* the mandatory sentence provision requires a *minimum sentence* within the term of imprisonment set by legislation, whereas the Guidelines Weapon Enhancement section *adds* to the guideline sentence and therefore may *exceed* the term of imprisonment mandated by the legislature. *Taylor, supra.* The fact that the guidelines, in some instances, go beyond the statutory maximum, and section 303.1(i) provides the sentence imposed should not exceed the maximum time permitted by statute in those cases, offers no relief. As indicated below, the enhancement is added to the sentence, which would have been imposed and, in many cases, this *will result* in a sentence beyond the statutory maximum, even if the *range* is limited to the statutory period. The severity of consequences which could ensue from a weapons enhancement is precisely what constitutionally requires proof beyond a reasonable doubt and presents an issue of due process.

Section 303.4 Deadly weapon enhancement, provides: a.) When the court determines that the defendant or an accomplice possessed a deadly weapon ... during the commission of the current conviction offenses; *at least*

*12 months and up to 24 months confinement shall be added to the guideline sentence which would otherwise have been imposed.* (emphasis added) [13]

In relation to specific crimes and offense gravity scores, at least in the higher aggravated range and in some minimum and mitigated ranges, an analysis of the guidelines shows that in numerous cases the enhancement will cause a sentence beyond the statutory minimums and maximums

---

**13.** The Sentencing Commission, in its 1986 amendments, has changed this provision. In the 1982 Guidelines, applicable here, § 303.4(a) reads "... at least 12 months and up to 24 months confinement *shall be added to the guideline sentence which would otherwise have been imposed.* (emphasis added)

The January 1, 1986 amendment reads "... at least 12 months and up to 24 months confinement *shall be added to the guideline sentence range which would otherwise have been applicable.* (emphasis added)

The Commission, in its comments to § 303.4 at page 42 Pa.C.Sent.2d (September 1, 1986), recognized the distinction and attempted to eliminate the problem presented in the 1982 version. There it stated:

This original subsection of the guidelines was amended to clarify language and to provide a more logical process for applying the deadly weapon enhancement. Previously, a strict interpretation of the language require a judge to decide on a sentence, and then to add a range of 12 to 24 months to that sentence, and finally to choose a sentence from the range which resulted. The amended language requires the weapon enhancement range to be added directly to the ranges in the sentence range chart. After doing this, the court considers the modified ranges and chooses the appropriate sentence.

It is seriously doubted that this amendment will cure the inherent problem of illegal sentences in those cases, unless the guidelines specifically state that whenever the application of the enhancement would result in a combined sentence in excess of the statutory sentence, the sentence would be the statutory limit. I am aware that in its comments to section 303.1(i), the Sentencing Commission attempts to clarify this problem, adopting the position of *Commonwealth v. McKeithan,* 350 Pa.Super. 160, 166–68, 504 A.2d 294, 298 (1986) and belatedly applying the sentencing cap to the weapons enhancement. The fact remains that with the language of the enhancement section in the *present* case, it is not subject to a cap.

provided by the legislature.[14] It must be remembered that while the instructions of the guidelines provide that when the guidelines ranges call for more than the statutory limit, only the statutory maximum is imposed. There is no limitation on the application of the enhancement, so that, in accordance with the guidelines instructions, the enhancement sentence must be imposed even though the maximum statutory sentence has already been given. If this is the case, the enhancement takes on the effect of a separate crime (improperly), or the elements of a crime producing an additional sentence, requiring proof beyond a reasonable doubt for the reasons expressed above. *See Winship, Stoffan* and *Wright, supra.*[15]

**14.** The following is an illustration of this point, see Attachment "A", (all time is computed in months):

| Statutory Classification Min/Max Sentence | Offense Gravity Score | Prior Record Score | | Permitted Guideline Sentence | Permitted Sentence Plus Enhancement | Excess Over Statutory Limits |
| | | Min. Range | Aggrav. Range | | | |
| (Months) | | | | (Months) | (Months) | (Months) |
| F1–120–240 | 10 | 0–6 | 0–6 | 120 | 132–144 | 12–24 |
| F1–120–240 | 9 | – | 5–6 | 112 | 124–136 | 4–16 |
| F1–120–240 | 8 | – | 6 | 112 | 124–136 | 4–16 |
| F2– 60–120 | 8 | 1–6 | 0–6 | 54 | 66–78 | 6–18 |
| F2– 60–120 | 7 | 4–6 | 3–6 | 49 | 61–73 | 1–13 |
| F2– 60–120 | 6 | 5–6 | 5–6 | 49 | 61–73 | 1–13 |
| F3– 42–84 | 6 | 4–6 | 3–6 | 34 | 46–58 | 4–16 |
| F3– 42–84 | 5 | 6 | 4–6 | 34 | 46–58 | 4–16 |
| F3– 42–84 | 4 | – | 5–6 | 34 | 46–58 | 4–16 |
| M1– 30–60 | 5 | 4–6 | 4–6 | 27 | 39–51 | 9–21 |
| M1– 30–60 | 4 | 5–6 | 5–6 | 27 | 39–51 | 9–21 |
| *MII–12–24 | 6–3–2 | 0–6 | 0–6 | 12 | 24–48 | 12–24 |
| *MIII–6–12 | Any | 0–6 | 0–6 | 6 | 18–30 | 12–24 |

* The misdemeanors have a disproportionate enhancement ratio to the underlying sentence and in most cases the enhancement sentence will be as much, if not greater, than the statutory maximum. This is explained by the Commission as focusing on the fear and danger resulting from the possession of a weapon during a crime, the impact on the victim being the same in a simple assault as in a robbery.

**15.** The Sentencing Commission has not dealt with this issue. In the 1986 amendment, Pa.C.Sent.2d (September 1, 1986) p. 47, Commentary, it states:

The commission considered, and rejected, specifying the standard of proof for the deadly weapon enhancement and for all other guideline elements. The commission chose not to specify a standard because it doubted that it had the authority to do so. The

The final claim of unconstitutionality has to do with the failure to adequately and specifically define deadly weapon and its possession so as to comport with due process of law.

In *Taylor*, we affirmed the lower court on other grounds but analyzed this issue in considerable detail. As its application is appropriate to this case and properly raised herein, I adopt the rationale and conclusions of *Taylor*, and incorporate them as follows.

"A serious question exists concerning the constitutionality of this provision. In applying this section, it is provided at 42 Pa.C.S.A. § 9721, Sentencing Guidelines, § 303.4:

Deadly weapon enhancement:

(a) When the court determines that the defendant or an accomplice possessed a deadly weapon as defined in 18 Pa.C.S.A. § 2301 (relating to definitions), during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guideline sentence which would otherwise have been imposed.

Section (b) provides for exceptions for those crimes which have as an inherent element to the charge, the use of a weapon, including 18 Pa.C.S.A. § 2702(a)(4), aggravated assault, as discussed above.

'In reading the requirements of this section, the operative term becomes "possessed a deadly weapon."

"At the outset, there is nothing in the enhancement section which clarifies the meaning of possession. To ascertain the statutory meaning of 'possession' we must look to 18 Pa.C.S.A. § 301, having to do with culpability. Section 301(c) provides:

Possession as an act.—Possession is an act, within the meaning of this section, if the possesser knowingly procured or received the thing possessed or was aware of its control thereof for a sufficient period to have been able to terminate his possession.

commission concluded that the standard for this and other aspects of sentencing was a preponderance of the evidence, although in 1982 it could find no case which explicitly held this.

This definition is broad and relates to knowledge as well as custody and control. In terms of the breadth of that definition as applied to the deadly weapon enhancement factor, it is far too broad to make the section viable. By virtue of this definition, it is possible to have possession of a deadly weapon when that weapon is in the back seat of a car, in the glove compartment, under the seat of a car, in one's trousers, concealed in a brief case, or even in a room miles away from the place where a defendant is arrested. The definition is so broad that it could comprehend numerous situations where the weapon was not in hand and was not, in fact, contemplated to be used during the course of the criminal activity, and yet would subject the defendant to the enhancement penalty. This section, therefore, does not meet the constitutional test of preciseness required of a criminal statute and its vagueness is fatal. 'A statute (guideline) which either forbids or requires the doing of an act in terms so vague that men of reasonable intelligence must necessarily guess [as to] its meaning and differ as to its application [lacks] the first essential of due process of law.' (Citations omitted) *Commonwealth v. Baggs*, 258 Pa.Super. 133, 139, 392 A.2d 720, 723 (1978). The Pennsylvania Constitution, Article I, § 9, provides that '... the accused hath a right ... to demand the nature and cause of the accusations against him....', notice of which is lacking here. *See Commonwealth v. Broughton*, 257 Pa.Super. 369, 390 A.2d 1282 (1978).

"It would appear that a rational weapon enhancement provision would require that the possession be one of immediate physical possession where, in fact, the weapon was being used or threatened in the commission of a crime which did not intrinsically involve the use of a weapon.

[W]hen a criminal statute calls for construction, it is not a construction that is supported by the greater reason that is to prevail but that one which, if reasonable, operates in favor of life and liberty.

*Commonwealth v. Exler*, 243 Pa. 155, 162, 89 A. 968, 971 (1914); as quoted in *Glover, supra* [397 Pa.] at 546, 156 A.2d at 116.

As an example of how specificity is required in relating possession to criminal behavior, § 907(b) of the Crimes Code, Possessing instruments of crime, provides:

> Possession of weapon.—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.

Possession is specified in terms of both its location and the intent, and thus provides the type of specificity that every criminal statute requires. Similarly, the Uniform Firearms Act at § 6105 of the Crimes Code, provides:

> Former convict not to own a firearm, etc.—No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.

In order to avoid any possible confusion, the statute speaks of owning a firearm as well as possessing and controlling, giving three alternative possibilities which make it clear that under no circumstances can a convict have any dominion over a weapon. The definition of owning, possessing or controlling is specific enough to cover every apparent eventuality relating to dominion by a convict over a weapon, thereby eliminating any confusion or question concerning the defendant's rights or lack of them relating to a weapon. Even with a definition so specific, there is a problem of establishing possession or control. *Commonwealth v. Boatwright*, 308 Pa.Super. 41, 453 A.2d 1058 (1982) and *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968) held that the mere presence of a defendant in an automobile was insufficient to prove a violation when there was a weapon found in the vehicle. The Commonwealth must prove the defendant had both power to control the firearm and intent to exercise that control.

"Thus, if the weapon enhancement provision were to be construed to define possession as physical control for the purpose of immediate use, it would meet the test of constitutionality more clearly than the broader concept of possession, which could mean control even in a remote place, with

neither intent nor capability of use at the time the crime charged was being committed.

"In further analogy, § 6103 of the Uniform Firearms Act provides:

> Crimes committed with firearms: If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this subchapter, he may, in addition to the punishment provided for the crime, be punished also as provided by this subchapter.

This appears closer to the intended purpose of the weapon enhancement provision of the Sentencing Code. However, as can be seen, the provision in § 6103 is much more specific and capable of reasonable interpretation than § 303.4 of the Sentencing Guidelines.[5] To further clarify the intent of § 6103, Evidence of intent, § 6104, provides:

> In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a firearm, used or attempted to be used, and had no license to carry the same, shall be evidence of his intention to commit said crime of violence.

These sections do not constitute separate offenses but simply provide that a violation of the weapons offense does not merge with the crime of violence for purpose of sentencing. *Commonwealth v. Flynn,* 314 Pa.Super. 162, 460 A.2d 816 (1983), *Commonwealth v. Simpson,* 302 Pa.Super. 287, 448 A.2d 640 (1982). To give them legal effect, it is necessary to relate them to the crimes charged. Thus, they provide an almost identical purpose to that designed by the sentencing commission for the weapon enhancement sections, except they contain the specificity lacking in the guidelines.

"The most recent pronouncement by the Legislature in this regard is the scheme of mandatory minimum sentence provisions relative to certain Crimes Code violations, 42 Pa.C.S.A. §§ 9712–9718 (Act No. 54 of 1982). Section 9712, Sentence for offenses committed with firearms, provides:

> (a) Mandatory sentence.—Any person ... shall, if the person visibly possessed a firearm during the commission

of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

"The Supreme Court of Pennsylvania has recently passed on the constitutionality of the mandatory sentence provision above, and ruled it to be constitutional. *Wright, supra.* The mandatory sentence provision differs from the Guideline Weapons Enhancement section in the following respects.

1) The mandatory sentence applies only to firearms, the guidelines apply to deadly weapons.

2) The mandatory sentence requires 'visible possession', the guidelines 'possession'.

3) The mandatory sentence requires a minimum sentence within the maximum term of imprisonment set by legislation, whereas the guidelines enhancement section *adds* to the guideline sentence and therefore may *exceed* the maximum term of imprisonment mandated by the legislature.

4) The mandatory sentence section provides for a minimum standard of proof, preponderance of the evidence, whereas the guidelines provide none.

In *Wright, supra,* the Supreme Court, speaking through Justice Nix, held:

> The effect of section 9712 is merely to limit the discretion of the sentencing court in the selection of a minimum sentence where it is determined that the defendant visibly possessed a firearm during the commission of the crime. The maximum permissible term of imprisonment remains unaffected.
>
> . . . .
>
> In the context of a section 9712 proceeding, moreover, the risk of error is slight. Visible possession of a firearm is a simple, straightforward issue susceptible of objective proof. There is scant potential that suspicion and conjecture will enter into the factfinder's decision. In addition,

evidence of visible possession is amenable to meaningful appellate review....

*Id.*, 508 Pa. at 40–41, 494 A.2d at 362.

"It is submitted that if the weapon enhancement provision is to meet the test of constitutionality, it must have language to delineate the specific intent of the guidelines and its application, similar to that stated in the Crimes Code for weapons offenses.

"If the broader interpretation of possession was, in fact, intended, then it was obviously unconstitutional because to relate a totally irrelevant activity such as possession of a weapon, which may or may not be a crime, to the criminal activity, requires a nexus that rationally necessitates enhancement of the sentence for the crime committed.

. . . . .

"⁵ In Section 6102, Definitions, 'Firearm' and 'Crime of Violence' are also clearly defined."

After detailing numerous findings, wherein the courts have determined everything from dogs to women's shoes to be deadly weapons, we went on to say,

"In this regard, combining the term 'possession,' capable of broad interpretation, and 'deadly weapon' which must be construed in relation to use and circumstances, the sentencing commission has succeeded in creating a term incapable of specific definition and much too broad for constitutional certainty. Since the Guidelines do not include the limiting term 'control' in defining possession, under those circumstances our appellate courts have required the proof of a 'knowledge' or 'awareness' element; *i.e.* the 'exercise of *conscious* dominion or control,' (emphasis added). Thus, *proof* of (physical) *possession is not required pursuant to § 301(c), supra. See, e.g., Commonwealth v. Rambo,* 488 Pa. 334, 337, 412 A.2d 535 (1980). *Commonwealth v. Watts,* 319 Pa.Super. 137, 139–140, 465 A.2d 1267, 1269 (1983). *Cf. Commonwealth v. Burkley,* 297 Pa.Super. 400, 443 A.2d 1182 (1982). Also, in every crime delineated in the Crimes Code related to weapons and possession, there is a reasonable and logical nexus between the two and the

behavior sought to be prevented. Here, we believe the sentencing guidelines fail to provide the certainty and the reasonable nexus to make this provision enforceable.

> It is settled that, as a matter of due process, a criminal statute (guideline) that 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute (guidelines)' (citations omitted), or is so indefinite that 'it encourages arbitrary and erratic arrests and convictions,' (citations omitted) is void for vagueness.

*Colautti v. Franklin*, 439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596, 606 (1979). Likewise, as stated above, a provision in the permissible term of imprisonment provided by statute, cannot stand. *See Wright, supra.*"

*Taylor, supra*, 346 Pa.Super. at 614–22, 500 A.2d at 117–122. I would, therefore, hold that because the deadly weapons enhancement section 42 Pa.C.S.A. § 9721, Sentencing Guidelines § 303.4 could result in a sentence beyond the maximum imposed by law in many cases, and that because of vagueness in the terms "possession" and "weapon" and lack of specificity as to use or intent, the weapons enhancement section fails to meet the test of constitutionality.

It is evident that the Sentencing Commission is cognizant of problems in the Guidelines, which have by and large been remarkably effective, by the refinement and clarifications provided by the 1986 amendments. As to the Weapons Enhancement provision, I believe the section can be made viable simply by adding a statement that requires proof of *visible possession* of a deadly weapon in the commission of a crime, and providing that upon application of the enhancement factors, if the combined total exceeds the statutory limit, only the statutory limit shall be imposed.[16]

---

**16.** The legislature has responded to the problems relating to possession raised by this writer in *Taylor, supra,* and repeated above by the enactment of Act 165 of 1986, signed into law by Governor Thornburg on December 11, 1986. In the *Pennsylvania Bulletin*, Vol. 16, No. 51, December 20, 1986, pp. 4867–4868, it is stated:

> Act 165 of 1986 also clarifies issues related to the deadly weapon enhancement which had been raised by three of nine judges in their

Lastly, appellant contends the sentencing court erred in failing to fully and adequately disclose its reasons for the sentence on the record and also in failing to fully consider the circumstances and all available sentencing alternatives. After careful review of appellant's motion for reconsideration of sentence and the testimony of the hearing, I am satisfied that both arguments have been waived since only claims raised in the trial court may be considered on appeal. *Commonwealth v. Frederick*, 327 Pa.Super. 199, 475 A.2d 754 (1984). *Commonwealth v. Stufflet*, 291 Pa.Super. 516, 436 A.2d 235 (1981); *appeal after remand*, 322 Pa.Super. 176, 469 A.2d 240 (1981).

For the reasons stated above, I would reverse the judgment of sentence and remand this case to the court below for resentencing.[17,18]

> plurality opinion in *Commonwealth v. Taylor*, 346 Pa.Super. 599, 500 A.2d 110 (1985).... [I]t provides that the guidelines' deadly weapon enhancement applies "for defendants who possessed a conviction offense". In doing so, it removes the application of the enhancement to accomplices.... [T]he term "possessed", as used in the act and in the guidelines, is defined as "on the defendant's person or within his immediate physical control".

**17.** I would point out that our distinguished President Judge has argued circuitously in his concurrence, starting with the proposition that a constitutional claim relating to the legality of sentence can never be raised on appeal, or *sua sponte,* unless raised in the court below but then retreats to accede that in double jeopardy cases " 'the issue of double jeopardy is similar to an issue of subject matter jurisdiction. It may be raised at any time even initially on appeal. Constitutionally, no court has *jurisdiction* to try or sentence a person twice, in violation of the Federal and Pennsylvania Constitutions.' " (Concurring Op., Cirillo, P.J., p. 1141, citing *Commonwealth v. Walker*, 468 Pa. 323, 336, 362 A.2d 227, 233 (1976) (Manderino, J. Concurring) (emphasis added by Cirillo, P.J.). This is precisely the point this writer has attempted to make throughout, that is, in any sentence which is illegal, the court below has no *subject matter* jurisdiction to enter such a sentence and, therefore, it may be reviewed at any time in the appellate process, whether or not raised in the court below. If we do not face the issue of legality of sentence in the first instance, we will be required to face it in the second or third instance by reason of a P.C.H.A. proceeding. We cannot abrogate the right to review illegal sentences without denying the right to Writ of Habeas Corpus.

**18.** As to the Concurring Opinion by Kelly, J., in commenting on this writer's evaluation of the manner in which the guidelines are applied to reach the final sentence, including the weapons enhancement,

Judge Kelly states: "Such a construction of the guideline provisions fails to construe the provisions in *pari materia* and construe [sic] the provisions so as to give full effect to each ... violates the presumption against constructions which yield absurd, impossible or unreasonable results.... (Concurring Opinion by Kelly, J., p. 1150.) That is precisely the point. The results mandated by the guidelines are absurd when measured against the law and for Judge Kelly to require that we twist and turn to avoid the consequences of what was plainly an erroneously written provision, goes beyond the principle of *pari materia* or statutory construction. It requires no less than a judicial rewrite of a plainly illegal section to bring it into conformance with stated principles of the law. The trial courts should not be placed in the position of judicial Merlins, nor should we, and defendants and their counsel should be able to look at the law to determine how they should proceed, particularly where there is a question as to whether they should go to trial or negotiate a guilty plea.

## ATTACHMENT "A"

| Offense Gravity Score | Prior Record Score | Minimum Range* | Aggravated Minimum Range* | Mitigated Minimum Range* |
|---|---|---|---|---|
| **10**  Third Degree Murder** | 0 | 48-120 | Statutory Limit *** | 36-48 |
| | 1 | 54-120 | Statutory Limit *** | 40-54 |
| | 2 | 60-120 | Statutory Limit *** | 45-60 |
| | 3 | 72-120 | Statutory Limit *** | 54-72 |
| | 4 | 84-120 | Statutory Limit *** | 63-84 |
| | 5 | 96-120 | Statutory Limit *** | 72-96 |
| | 6 | 102-120 | Statutory Limit *** | 76-102 |
| **9**  For example: Rape; Robbery inflicting serious bodily injury** | 0 | 36-60 | 60-75 | 27-36 |
| | 1 | 42-66 | 66-82 | 31-42 |
| | 2 | 48-72 | 72-90 | 36-48 |
| | 3 | 54-78 | 78-97 | 40-54 |
| | 4 | 66-84 | 84-105 | 49-66 |
| | 5 | 72-90 | 90-112 | 54-72 |
| | 6 | 78-102 | 102-120 | 58-78 |
| **8**  For example: Kidnapping; Arson (Felony 1); Voluntary Manslaughter** | 0 | 24-48 | 48-60 | 18-24 |
| | 1 | 30-54 | 54-68 | 22-30 |
| | 2 | 36-60 | 60-75 | 27-36 |
| | 3 | 42-66 | 66-82 | 32-42 |
| | 4 | 54-72 | 72-90 | 40-54 |
| | 5 | 60-78 | 78-98 | 45-60 |
| | 6 | 66-90 | 90-112 | 50-66 |
| **7**  For example: Aggravated Assault causing serious bodily injury; Robbery threatening serious bodily injury** | 0 | 8-12 | 12-18 | 4-8 |
| | 1 | 12-29 | 29-36 | 9-12 |
| | 2 | 17-34 | 34-42 | 12-17 |
| | 3 | 22-39 | 39-49 | 16-22 |
| | 4 | 33-49 | 49-61 | 25-33 |
| | 5 | 38-54 | 54-68 | 28-38 |
| | 6 | 43-64 | 64-80 | 32-43 |
| **6**  For example: Robbery inflicting bodily injury; Theft by extortion (Felony III)** | 0 | 4-12 | 12-18 | 2-4 |
| | 1 | 6-12 | 12-18 | 3-6 |
| | 2 | 8-12 | 12-18 | 4-8 |
| | 3 | 12-29 | 29-36 | 9-12 |
| | 4 | 23-34 | 34-42 | 17-23 |
| | 5 | 28-44 | 44-55 | 21-28 |
| | 6 | 33-49 | 49-61 | 25-33 |

*WEAPON ENHANCEMENT: At least 12 months and up to 24 months confinement must be added to the above lengths when a deadly weapon was used in the crime

**These offenses are listed here for illustrative purposes only. Offense scores are given in §303.7.

***Statutory limit is defined as the longest minimum sentence permitted by law.

| Offense Gravity Score | Prior Record Score | Minimum Range* | Aggravated Minimum Range* | Mitigated Minimum Range* |
|---|---|---|---|---|
| **5** <br> For example: Criminal Mischief (Felony III); Theft by Unlawful Taking (Felony III); Theft by Receiving Stolen Property (Felony III); Bribery** | 0 | 0-12 | 12-18 | non-confinement |
| | 1 | 3-12 | 12-18 | 1½-3 |
| | 2 | 5-12 | 12-18 | 2½-5 |
| | 3 | 8-12 | 12-18 | 4-8 |
| | 4 | 18-27 | 27-34 | 14-18 |
| | 5 | 21-30 | 30-38 | 16-21 |
| | 6 | 24-36 | 36-45 | 18-24 |
| **4** <br> For example: Theft by receiving stolen property, less than $2000, by force or threat of force, or in breach of fiduciary obligation** | 0 | 0-12 | 12-18 | non-confinement |
| | 1 | 0-12 | 12-18 | non-confinement |
| | 2 | 0-12 | 12-18 | non-confinement |
| | 3 | 5-12 | 12-18 | 2½-5 |
| | 4 | 8-12 | 12-18 | 4-8 |
| | 5 | 18-27 | 27-34 | 14-18 |
| | 6 | 21-30 | 30-38 | 16-21 |
| **3** <br> Most Misdemeanor I's** | 0 | 0-12 | 12-18 | non-confinement |
| | 1 | 0-12 | 12-18 | non-confinement |
| | 2 | 0-12 | 12-18 | non-confinement |
| | 3 | 0-12 | 12-18 | non-confinement |
| | 4 | 3-12 | 12-18 | 1½-3 |
| | 5 | 5-12 | 12-18 | 2½-5 |
| | 6 | 8-12 | 12-18 | 4-8 |
| **2** <br> Most Misdemeanor II's** | 0 | 0-12 | Statutory Limit *** | non-confinement |
| | 1 | 0-12 | Statutory Limit *** | non-confinement |
| | 2 | 0-12 | Statutory Limit *** | non-confinement |
| | 3 | 0-12 | Statutory Limit *** | non-confinement |
| | 4 | 0-12 | Statutory Limit *** | non-confinement |
| | 5 | 2-12 | Statutory Limit *** | 1-2 |
| | 6 | 5-12 | Statutory Limit *** | 2½-5 |
| **1** <br> Most Misdemeanor III's** | 0 | 0-6 | Statutory Limit *** | non-confinement |
| | 1 | 0-6 | Statutory Limit *** | non-confinement |
| | 2 | 0-6 | Statutory Limit *** | non-confinement |
| | 3 | 0-6 | Statutory Limit *** | non-confinement |
| | 4 | 0-6 | Statutory Limit *** | non-confinement |
| | 5 | 0-6 | Statutory Limit *** | non-confinement |
| | 6 | 0-6 | Statutory Limit *** | non-confinement |

*WEAPON ENHANCEMENT: At least 12 months and up to 24 months confinement must be added to the above lengths when a deadly weapon was used in the crime

**These offenses are listed here for illustrative purposes only. Offense scores are given in §303.7.

***Statutory limit is defined as the longest minimum sentence permitted by law.

[Pa B Doc No 82-121 Filed January 22 1982, 9:00 a m]